### Johnson *against* Bridge.

Assumpsit ; tried at the *Madison* circuit, *March*, 1826, before Williams, C. Judge ; when a verdict was found for the plaintiff.

Certain exceptions were taken to the decision of the judge ; who sealed a bill of exceptions, on which

*J. A. Spencer*, now moved for a new trial. He cited 5 *John*. *Rep*. 118 ; 5 *Cowen's Rep*. 376.

*P. Gridley*, contra, cited 16 *John*. *Rep*. 226 ; 19 *id*. 49, 52.

The facts, with the points decided, are stated in the opinion of the court ; which was delivered by

Woodworth, J. The plaintiff declared on a promissory note, dated *March* 12th, 1823, payable *June* 1st, 1824, to *Shelden Smith*, or bearer. The defendant gave notice of set off of a note, made by *Smith* to *J. A. Spencer*, or bearer, payable on demand ; and dated *July* 12th, 1825. Also a judgment obtained by the defendant against *Smith*, in *June*, 1825.

*A set off cannot be made, of a debt or demand against any one, other than the plaintiff on the record.*

*Thus, where the plaintiff purchased a negotiable promissory note of the payee, after the note was due ; and the payee was indebted at the time of the purchase to the maker ; in an action by the holder against the maker ; held, that the demand of the latter could not be set off against the holder ; and that it was not in any view, a defence to the action.*

The plaintiff proved that he purchased the note; and, on the 25*th July*, 1825, called on the defendant, demanded payment, and stated that he had purchased the note on the *Saturday* preceding. The defendant said he would settle or pay it. Shortly after, the defendant called at the plaintiff's house, said he had failed to obtain money, as he expected, and wished the plaintiff not to prosecute.

The defendant offered to prove his note and the judgment as a defence. The judge rejected the evidence, on the ground, that the defendant had not set up such claim at the time the plaintiff made a demand of payment; but had promised to pay or settle. The defendant excepted; and a verdict was found for the plaintiff.

The promise, in this case, to pay, was without consideration, as the plaintiff had previously purchased the note; and the defendant did nothing to induce the plaintiff to purchase.

On a different ground, however, I think the evidence inadmissible. In the case of *Wheeler* v. *Raymond*, (5 *Cowen*, 231,) the doctrine of set off, when relied on against the plaintiff on the record, was fully considered. It was there held that the act has reference to persons dealing together, and having demands against each other; that in such cases, a set off is allowed; but that where the plaintiff on the record is a stranger to the set off, and the demand not against him, the set off was not within the provisions of the act; which declares, that if the plaintiff is over-paid, the jury shall find a verdict for the defendant, and certify how much the plaintiff is indebted more than the sum demanded; and that the defendant shall have judgment and execution for the balance. If this be a sound construction of the act, it follows that the set off is allowable only in those cases, where, if it exceeds the plaintiff's demand, the defendant may compel the plaintiff to pay the excess.

It will not be pretended that this plaintiff was liable to judgment and execution, had the defendant's set off exceeded his note. It is true, the plaintiff took the note, subject to the equity which existed between the payee and maker.

But it must always be understood as inseparable from that principle, that the equity, or defence relied on, is such as may be used consistently with the established forms of proceeding in a court of law. They cannot be made to yield to the particular hardship, if any, of a given case. A set off is only available, in consequence of the statute, and in the manner there pointed out. When a defendant cannot place his defence within its provisions, he can derive no benefit from it. In the case of negotiable paper, a defendant who has a *bona fide* set off may sustain an injury : but it is for the legislature to extend the remedy. This construction of the act does not impair any defence, not depending on the question of set off. If the defendant had paid the note in fact, or shewn it was not valid in its origin, or otherwise discharged, before transfer, and after due, no difficulty would lie in his way. But that is not the case. The ground of defence is a set off, which would be unobjectionable in an action in the name of the payee ; but is not valid against the plaintiff, who sues in the character of endorser, or bearer. The motion for a new trial must be denied.