CARMAN, impleaded, &c. *vs.* I. & J. TOWNSEND.

An action of *debt on judgment* lies against a defendant *not brought into court,* where, in a suit against joint debtors, the plaintiff proceeds under the statute as if all the defendants were brought in and takes judgment against all.

*It seems* that a defendant in such case may avail himself of any defence which it would have been competent for him to urge in the original action had he been brought into court.

A judgment entered against a joint debtor not brought into court, *it seems,* would not entitle a plaintiff to recover without other evidence of indebtedness, if such indebtedness was directly put in issue by the pleadings ; and that the *onus probandi* would lie upon the plaintiff to shew the original indebtedness, and not upon the defendant to disprove it.

A denial of *joint liability* by a defendant not brought into court in the first action in a suit on the judgment is a good and valid plea.

ERROR from the supreme court. The plaintiffs in the court below, I. & J. Townsend, declared against P. Carman and E. I. Ring, stating Carman to have been arrested on a *capias ad respondendum,* and Ring to have been returned not found, on a judgment in *assumpsit* obtained by the plaintiffs against the defendants in the supreme court, for the sum of $330,32. To this declaration Carman, who alone appeared, pleaded that the plaintiffs issued a *capias ad respondendum,* returnable in May term, 1823, against him and Ring, on which *Ring* was taken, and he, *Carman,* was returned not found ; that the plaintiffs, without the arrest or appearance of him, Carman, proceeded to judgment *against both defendants,* and that the promises and undertakings set forth in said cause, and for the non-performance of which judgment was rendered, were the promises and undertakings of Ring *solely,* and not the promises and undertakings of Carman *and* Ring. The plaintiffs replied that the judgment in the plea named was rendered against Ring *and Carman as impleaded with Ring,* and that the promises and undertakings upon which the judgment was rendered were not the promises and undertakings of Ring *solely,* as in the plea alleged, but that the same were the promises and undertakings of Ring *and* Carman. Upon this issue the cause was brought to trial. A witness for the plaintiffs proved the sale and delivery of plough castings to Carman, and Carman's acknowledgment that he

and Ring were partners ; but gave no evidence whatever of the value of the castings. The attorney for the plaintiffs corroborated the testimony of the witness first called as to Carman's admissions of partnership, and proved that Carman had paid $105 of the demand of the plaintiffs. This evidence was objected to by the counsel for the defendant as evidence of an indebitatus assumpsit, which he insisted was inadmissible under the state of the pleadings, and contended that the plaintiffs were not entitled to recover, inasmuch as the original judgment set forth in the plaintiff's declaration was limited in its operation by statute, and gave no cause of action to the plaintiffs against the defendant. The judge, notwithstanding, received the testimony, and decided that the plaintiffs were entitled to recover; and that the only enquiry was whether there was a co-partnership or not between the defendants; to which decision the defendant excepted. The defendant produced the record of the judgment set forth in the plaintiffs' declaration, to prove that Carman was not arrested, and did not appear in the suit, which facts appeared by the said record. The counsel for the defendant then insisted that the issue that Carman had not been arrested, or appeared in the original suit, ought to be found in favor of the defendants. The judge decided that there was but one question for the jury to pass upon, to wit, the co-partnership of the defendants, and instructed the jury to find a verdict for the plaintiffs, who accordingly found a verdict for the plaintiffs for $330,32 debt, and six cents damages. The defendant excepted to the decision of the judge, and applied to the supreme court for a new trial, which was refused. See the reasons of the supreme court, 6 *Cowen*, 695. The defendant then sued out his writ of error.

*J. L. Wendell,* for plaintiff in error. The judgment declared on was an extinguishment of the original indebtedness of Carman and Ring; the assumpsit was merged in the judgment. 18 *Johns. R.* 459. The plaintiffs therefore cannot recover on the *original indebtedness;* nor are they entitled to recover on the *judgment,* it being *special* and *limited* in its operation. A judgment may be entered against a joint debt-

or who is not arrested, his *individual property* and *person* being saved by the statute from the effect of it; but if it be permitted to a plaintiff to sustain an action of debt on the judgment against the defendant, the saving in the statute is evaded, and the individual property and the person of the defendant are made liable, notwithstanding the saving in the statute. The allegations and proof did not correspond; the declaration was in *debt*, the proof was in *assumpsit*, and that adduced did not shew a cause of action; a partnership was proved, and the delivery of the articles was shewn, but no sum or amount was proved. The jury rendered a verdict against the defendant for upwards of $300, when there was no evidence to warrant the finding of any sum except the judgment, which could not be used for that purpose, as it was giving an effect to it forbidden by the statute under which it was entered. The plea that judgment was rendered in a suit in which the defendant was not arrested, and did not appear, was a good plea, and ought to have been found in favor of the defendant. Whether the promises were the *joint* promises of Carman and Ring, or the *sole* promises of Ring, was an *immaterial* issue, and a re-pleader should have been awarded. If it be as has been held by the supreme court, that in cases of this kind the judgment is *prima facie* evidence of a debt against the party not brought into court, 16 *Johns. Rep.* 66, 6 *Cowen*, 695, the burthen of disproving an indebtedness is cast upon a defendant, instead of a plaintiff being obliged to establish his claim by proof, and is an anomoly in the law.

*B. F. Butler*, for defendants in error. The fact that the judgment declared on is an extinguishment of the original indebtedness, furnishes a strong argument why the judgment now sought to be reversed should be sustained. The statute under which these proceedings are had was remedial, permitting a plaintiff in a suit against joint debtors, when but one was taken, to proceed as if all were brought into court, and in case of the plaintiff succeeding in his suit, giving him *judgment* against all in *the same manner* as if all had been taken and brought into court. 1 *R. L.* 521,

ALBANY,
Dec. 1830.
Carman
v.
Townsend.

§ 13.   According to the doctrine contended for on the other side, the remedy would be worse than the disease.   In the several cases in which questions have arisen under this statute, the supreme court, from time to time, intimated that a party not brought into court, sued on the judgment, might enter into the original merits, and shew that he ought not to be charged.   2 *Johns. R.* 87.   6 *id.* 98.   16 *id.* 66.   The defendant here accordingly put in issue his original liability, by denying, in substance, that he was jointly responsible with the other defendant ; for such is the effect of his plea.   He did not deny the judgment, or dispute the amount, but virtually admitted both, reposing himself on the defence put forward, and the jury found against him.   The plea interposed by the defendant, affirming a fact in avoidance of the action, admitted the judgment, and rendered the production of the record by the plaintiffs unnecessary, 9 *Cowen,* 297 ; but if necessary to the maintenance of the action, it was in the course of the trial produced by the defendant himself.   The issue was not *immaterial* ; it was not that he was not arrested, and did not appear in the original suit—those allegations were mere matter of inducement ; the point presented was that the defendant was not jointly indebted with his co-defendant in the original suit, and if found for him it would have been a perfect defence ; but if the issue was immaterial, it is cured by the verdict, and the defendant was not entitled to a repleader.   7 *Cowen,* 71.   2 *Johns. R.* 387.   6 *id.* 1.   2 *Salk.* 579.   3 *id.* 305.   5 *Bacon's Abr. tit. Pleas and Pleading, M. Repleader.   Dougl.* 396.   At all events, a repleader cannot be awarded on a writ of error, unless specially brought for that cause after a denial thereof on motion.   *Tidd,* 829.   2 *Salk.* 579.   6 *Mod.* 102.   3 *Salk.* 306.   3 *Keble,* 769, 789, 825.

The following opinions were delivered :

By the CHANCELLOR.   The plaintiff in error is unquestionably right in his first point, in supposing that the first judgment was an extinguishment or merger of the original indebtedness, so that no action could be sustained against

either of the defendants on the original promises. If any action could be sustained against the defendant not arrested in the original suit, it must be, in form, an action of debt founded on the judgment. But it is insisted on the part of the plaintiff in error that by the entry of judgment under the statute he was wholly discharged from personal liability for the debt, and that the plaintiffs are confined to their remedy against the joint property of the defendants, or the separate property or personal responsibility of the defendant who was arrested in the first suit. Such could never have been the intention of the legislature ; the act was remedial, and was intended to save the expense of proceeding to outlawry against the defendant who could not be arrested. By the common law, the plaintiff was obliged to proceed to outlawry against the absent defendant, and then he was permitted to go on and obtain his judgment against the defendant who had been arrested; but this did not deprive him of his remedy, either against the person or the goods of the outlaw. He might arrest him on a *capias ut lagatum* and commit him to pay the debt, or he might obtain satisfaction out of his goods ; for although the goods of the outlaw were forfeited to the king, yet if the outlawry was in a civil suit, it was a matter of course to grant the goods to the plaintiff in that suit, or so much thereof as was necessary to satisfy his demand. *The King* v. *Cooke, outlawed at the suit of Rayer, McCleland & Young's Rep.* 196. The legislature unquestionably had no other object in view than to save useless expense, and at the same time to protect the rights of the absent defendant in that suit, without discharging his liability to the plaintiff in an action on the judgment.

It is urged, however, that by adopting this course the defendant who is not arrested in the first suit is deprived of his defence in the second. It has never yet been decided that by a course of pleading adapted to the particular case, the defendant, who is arrested in a suit on such judgment, may not avail himself of any defence which it would have been competent for him to urge in the original action, had he been brought into court. In this case Carman set up such a defence, and the plaintiffs in the court below did not deem it

prudent to demur to his plea, but took issue upon such parts of that plea as went to the merits of the original defence. If they had attempted to treat the former judgment as conclusive evidence of the indebtedness of both defendants, after these facts were spread upon the record in the last suit, there could have been very little doubt as to the result. I have no hesitation in saying that the plea put in by the defendant Carman, if true, was a good and valid defence as to him. The allegation in the plea on which the plaintiffs took issue was a material part of it, and every other allegation therein was admitted by the replication ; the judge was therefore correct in saying that was the only question for the jury to decide under the pleadings in the cause. The recovery of the judgment was not denied by the plea ; neither was it averred that the original debt had been paid, or that the judgment was for a greater sum than was actually due. There being no general issue and the single fact of joint original liability being put in issue by the pleadings, neither party was at liberty to introduce proof as to any other fact. The plaintiffs having disproved this allegation in the plea, a verdict for their debt, with nominal damages, followed of course. And this being a material issue, no repleader could be awarded. The plaintiffs were therefore entitled to judgment on the verdict.

The pleadings in this case were not properply framed to raise the question whether the plaintiffs must prove the original indebtedness, or whether it lies upon the defendant to disprove it. Whenever that point is properly before the court I think the plain dictates of common sense will easily determine which party is to be considered as holding the affirmative. The judgment may be considered *prima facie* evidence of indebtedness, so far as to enable the plaintiffs to bring an action of debt against the defendant who was not originally arrested ; but it does not follow that it would be sufficient to enable the plaintiffs to recover without other evidence of indebtedness if that fact was directly put in issue by the pleadings. The plaintiffs in this case assumed the burthen of proving that the defendants were joint debtors, and

that was all they could be required to do under these pleadings.

I think therefore that the decision of the judge at the circuit as well as that of the supreme court was correct, and that the judgment in this case should be affirmed.

By Mr. Senator BEARDSLEY. This was an action of debt in the court below on a judgment recovered against Carman the plaintiff in error, and George I. Ring, in which suit Carman was not arrested.

The only fact put in issue in the present suit by Carman was, that the promises on which the former judgment was rendered were made by Ring *solely*, and not by him *jointly* with Ring. This issue was found against him by the jury who tried the cause ; and it being the only issue, all the other facts relied upon by the plaintiffs were admitted, and of course not necessary to be proved on the trial.

It is now objected by Carman that an action of debt will not lie on such judgment. This is the only objection that has been urged on the argument which requires consideration ; that such action will lie has been too long settled to be now called in question. It is right in principle that such action should be sustained ; a contrary rule would work great injustice to creditors.

The defendant not arrested in the first suit may set up a defence when he is arrested ; and Carman might in the present suit have denied the original indebtedness, but he did not set that up, but merely denied the partnership. The following cases establish the right to maintain such action ; *Dando* v. *Dole*, 2 *Johns. R.* 87 ; *Bank of Columbia* v. *Newcomb*, 6 *id.* 98 ; *Taylor* v. *Pettibone*, 16 *id.* 66.

The judgment must be affirmed.

This being the unanimous opinion of the court, the judgment was affirmed accordingly.