WILLIAM VANDENBURGH agt. THOMAS BIGGS and JOSEPH MOORE.

A judgment founded on contract does not take the cause of action thereon out of the statute of limitations (six years) as against a Defendant, joint debtor, *not served with process*. The liability of such Defendant must be established by evidence other than the recovery of the judgment.

This was the trial of an issue of law arising on the facts alleged in the answer, and not controverted by the Plaintiff, under the second subdivision of § 204 of the Code of Procedure. The cause was argued before Mr. Justice PARKER, at the Ulster circuit, October, 1848.

The following are copies of the pleadings:

[*Title of the Cause.*] *Copy Complaint.*—William Vandenburgh, Plaintiff, complains that on the 22d April, 1845, he recovered a judgment in the Supreme Court of Judicature of the People of the State of New York, against Thomas Biggs and Joseph Moore, Defendants in an action on contract for damages and costs, two hundred and sixty-six dollars and forty-two cents; that the action in which such judgment was recovered was prosecuted against the said Defendants as joint debtors; that said action was commenced by declaration, which was served on the Defendant, Thomas Biggs, but was not served on the Defendant, Joseph Moore. That the Plaintiff has not had execution of said judgment, or any part thereof, but that the whole amount thereof with interest is now due to the Plaintiff.

Whereupon the Plaintiff demands a judgment against the Defendants for two hundred and sixty-six dollars and forty-two cents, with interest, from the 22d day of April, 1845.

COOKE & BRUYN, *Plffs Att'ys.*

(Verified.)

[*Title of the Cause.*] *Copy Answer.*—Joseph Moore, one of the Defendants, answers to the complaint in this action, that the judgment referred to in the complaint, was recovered on a check drawn by the Defendants, dated New York, Oct. 6th, 1841, on the Mechanics' Banking Association for two hundred dollars, in favor of the Plaintiff or order, and that the Plaintiff's cause of action on said check against this Defendant did not accrue at any time within six years next before the commencement of this suit. A. McADAM, *Att'y for Def't Joseph Moore.*

E. COOKE, *for Plaintiff.*
M. SCHOONMAKER, *for Defendants.*

PARKER, Justice.—In this case, the suit in which the judgment was recovered, had been commenced by declaration, served on Defendant Biggs alone. By Session Laws of 1833, chap. 271, § 3, it is provided that such judgment shall have the like effect, and execution thereon shall be issued, as if process against the Defendants had been served on one of them. That effect is declared by §2, art. first, title 6, chap. 6, of the third part of the Revised Statutes, which enacts that such judgment shall be conclusive evidence of the liability of the Defendant, who was personally served with process in the suit, or who appeared therein; but against every other Defendant, it shall be evidence only of the extent of the Plaintiff's demand, after the liability of such Defendant shall have been established by other evidence.

The liability of Moore must then be established by evidence other than the recovery of the judgment. On that judgment, the Plaintiff might collect by execution from the property owned jointly by both Defendants. (2 R. S., 3d ed., 475.) Beyond that, there was no right to levy of the property of Moore. The only advantage gained by the Plaintiff in the recovery of his judgment was the right to collect from the joint property of both Defendants, and in a suit on the judgment, to make it evidence of the extent of his demand, after the liability of Moore had been established by other evidence. (*Carman* v. *Townsend,* 6 Wendell, 206; *Mervin* v. *Kimbal,* 23 Wend., 293.)

The Defendant Moore now denies his liability by alleging that the Plaintiff's cause of action did not accrue at any time within six years next before the commencement of this suit; and it seems to me that this allegation, admitted by the Plaintiff in not replying, forms an entire defence. It cannot be, that the recovery of the judgment, formed any bar to the running of the statute of limitations. To give it such an effect, would be to go far beyond that prescribed by the statute, and would be a

dangerous infringement upon the rights of a Defendant not served with process, and utterly ignorant of the service of process on his co-debtor.

There is no reported case in which this question has been decided, but the law was so held by the late Supreme Court, in *Brown* v. *Dokee*, decided in 1846.

There must be a judgment for the Defendant; but as the Plaintiff may be able to show some new fact, sufficient to take the case out of the statute, he must have leave to reply on payment of costs.