## BROWN v. TURNER.

1. When a bill of exchange has been accepted by two persons, as partners, who at the maturity of the bill, have dissolved their partnership, and are also absent from Mobile, the place of their residence, a demand of payment made of an agent of one of the partners, is sufficient.
2. It is no ground for taking the deposition of a witness, to be read in a suit depending in Choctaw county, that the witness resides in Mobile; though Choctaw was taken in part from Washington county, where such a privilege exists.

Error to the County Court of Choctaw. Before the Hon. Geo. F. Smith, Judge.

THE facts of this case are stated in the opinion of the court.

J. A. CAMPBELL, for plaintiff in error.

The averment of presentation, in this case, is insufficient. The absence of the partners, and the dissolution of the firm, did not authorize the presentment to an agent of one of the partners. The bill was not made payable at any particular place, and it was the duty of the holder to ascertain where the acceptors were, and to make presentment to them at the place where they were. Taylor v. Snyder, 3 Denio, 613; Chitty on Bills, 261; 2 Watts & Serg. 401.

After the dissolution of a firm, the presentment must be made to the partners separately, to charge the dawer or indorsers, unless one of the partners is charged with the settlement of the affairs of the firm. Union Bank v. Willis, 8 Metc. 504; 5 Hill, 234; 4 Cowen, 126; 1 Conn. 368.

The presumption of a joint agency for the drawer, is repelled by the fact of dissolution, and it is the duty of the holder to inquire of each of the acceptors for payment, before he is entitled to call upon the drawer. Cases above cited; Story on Prom. Notes, § 294.

Notice to, and acknowledgment by, a member of the firm, binds the partnership only during its continuance. Story on Part. 160.

The depostions should not have been admitted, in conse-

Brown v. Turner.

quence of the mistakes in executing the commission, and the irregularities stated in the bill of exceptions.

DARGAN, J.—This was an action of assumpsit, on a bill of exchange, brought by the indorsee, against the drawer. It is objected, that the declaration does not show, that payment was demanded of Austill & Marshall, the acceptors. The averment is, "that when said bill became due and payable, to wit, on the 12th day of November, 1844, to wit, in the city of Mobile, the said bill was presented, and shown by John A. Hitchcock, a notary public, to the agent of said Marshall, one of the firm of Austill & Marshall, both Austill and Marshall being absent from the city, and their partnership being dissolved, and payment thereof demanded.

We think the declaration shows a sufficient demand. It is said, that if the acceptance be by partners, then the presentment for payment should be made at their place of business, or at the dwelling of either of the partners. Story on Bills, § 362; Bayley on Bills, 285, 286.

A demand of payment of one, is a demand of all ; nor can the dissolution of their partnership, before the bill falls due, vary the rule, or render it necessary that a separate demand should be made of each. As both members of the firm were absent from the city, a demand of the agent of one, is sufficient to charge the drawer.

2. In the progress of the trial, the depositions of two witnesses were offered as evidence, to the reading of which, several objections were made by the defendant. The first is, that the affidavit was insufficient to authorize the issuance of the commission. The affidavit states, that the testimony of the witnesses was material, and they reside in the city of Mobile. We know of no statute, that authorizes the taking of depositions to be read on trials at common law, on the grounds stated in this affidavit. By the act of the 21st January, 1845, it is lawful in any suit, pending in the courts of Washington, Clarke, or Monroe, to take the deposition of a witness whose testimony is material, and who resides in the city, or county of Mobile. But this act cannot be extended, so as to embrace the county of Choctaw, although the county of Choctaw has been formed since the passage of the act, out

of parts of the counties of Washington and Sumter. The mode of taking testimony by deposition, to be used in trials at law, is allowed by statutes only, and is in derogation of the rules of evidence at common law, and should be strictly pursued. To authorize the taking of the deposition of a witness, on the sole ground that he resides in the county, or city of Mobile, it must be shown, by the affidavit, that the suit is pending in one of the counties of *Washington, Clarke,* or *Monroe.*

Before the testimony of a witness, taken by deposition, can be read as evidence, the party at whose instance the deposition is taken, must show, that an affidavit has been made, setting forth some of the several grounds that authorize the issuance of a commission. The affidavit in this case, discloses no ground for issuing the commission, and is therefore fully defective. As this objection is fatal to the whole deposition, it is unnecessary to notice the other objections.

Let the judgment be reversed, and the cause remanded.