SUTHERLAND. J., was for affirmance on the grounds stated by him in the court below; GOULD, DAVIES and SMITH, J. J., on SELDEN's opinion; ALLEN for affirmance on defect of evidence; DENIO, J., for reversal; WRIGHT, J., absent.

## NEW YORK COMMON PLEAS.

DEXTER N. FORCE agt. JAMES H. GOWER and others.

A judgment recovered against a *non-resident*, by service of the summons by publication, is limited in its effect to the property which the defendant has *in this State*. Consequently the defendant cannot be *sued upon the judgment* in another court.

*General Term, June*, 1862.
DALY, BRADY and HILTON, *Judges.*
APPEAL from a judgment at special term.

Force agt. Gower.

By the court, DALY, F. J. A judgment against a non-resident can be recovered by a publication of the summons only where he has property in the state, a restriction that indicates very plainly that the judgment recovered in this mode is limited in its effect to the property which the defendant has in this state. If it were not so, if the legislature intended to authorize the recovery of a judgment in this way against a non-resident, which should have all the effect of a judgment *in personam*, there would have been no occasion for this restriction. Three things are essential to give the court jurisdiction: first, that the defendant is a non-resident; second, that he has property here; and third, that he could not, after due diligence, be found within the state—which, taken together, show that the design was to enable a person who has a cause of action against a non-resident, whom he cannot serve with process, to obtain the satisfaction of his claim out of the property of the non-resident situated here. For this purpose he is permitted to recover a judgment, by the service of the summons by publication, and by the deposit of a copy of it, directed to the defendant, if his residence is known, under which the plaintiff may reach by execution any property of the defendant in this state. Provision is made for allowing the defendant to defend after judgment, and if the defence is successful, and the judgment, or any part of it, has been collected, empowering the court to compel restitution. These provisions denote the nature of the judgment, that it does not possess the exclusive character of judgments founded upon personal service of process. It does not, like the latter, import absolute verity, or that it is a conclusive adjudication of the rights of the parties, inasmuch as the law creating it contemplates that it may be questioned and a defence made to it under certain conditions for the space of seven years. A judgment founded upon personal service of process, on the contrary, becomes an absolute debt of record, and as such may be recovered upon in any state of the

union by proving the judgment. If the defendant had notice, it is conclusive upon the merits, (*Evan* agt. *Taten*, 9 *S. & R.*, 260;) but if he had not, it is of no validity whatever out of the state where it was rendered. (*See cases collected in Oakley* agt. *Aspinwall*, 4 *Comst.*, 521.) It is even very doubtful whether the legislature could confer authority to enter a judgment which should have the effect, within the limits of the state, of a judgment *in personam*, in a case where the defendant is not brought into court by actual notice of its process. (*Mervin* agt. *Kumbell*, 23 *Wend.*, 293.) "It is against a first principle of justice," says BRONSON, Justice, in the case last cited, "to hold a man concluded by a judgment when he had no opportunity of answering in the original action." Under the old joint debtor act (1 *R. Laws of* 1813, 521, § 13,) if the process was served upon one, the judgment was entered as if all had been brought into court, but execution could not issue against the person or separate property of those not served. Under this act it was held that an action might be brought upon the judgment, and that it was *prima facie* evidence of the joint indebtedness, but that a defendant not originally brought into court might avail himself of any defence which it would have been competent for him to urge in the original action, and if he put the fact of his indebtedness in issue, it was incumbent upon the plaintiff to establish it, and not upon the defendant to disprove it. (*Townsend* agt. *Carman*, 6 *Wend.*, 206; *Id.*, 6 *Cow.*, 693.) But that is a different case from this. Here the right to enter judgment against the defendant not personally served with process, is limited to cases in which he has property in the state, and the law conferring the right has provided the mode in which he is to be allowed to defend after judgment, that is, by applying to the court in which it was rendered. That court may allow him to defend at any time within one year after notice of the judgment, or after judgment, upon good cause shown, or within seven years after its rendition, upon

such terms as may be just. The existence of the provision satisfies me that it was not the intention that the defendant might be sued upon this judgment in another court, or that it was intended to have any other operation or effect than to reach the property of the non-resident situated in this state. The judgment should be affirmed.