ISAAC FROTHINGHAM *v.* F. S. AND G. H. BARNES.

In an action of debt on a judgment obtained in the state of New York against two joint debtors, in which the only evidence of service of the process is the written acknowledgment of legal service thereof signed by one of them, the plaintiff cannot maintain his action in the state of Rhode Island upon such a judgment, against the debtor not served with process in the first suit, and a plea of *nul tiel record*, interposed by the defendant, is a good plea in bar of the action.

Whether such a judgment, as against the debtor not served with process, can be sued in the state where it has been recovered, *quaere.* It is certainly not a judgment in the sense of the constitution and laws of the United States, and cannot be enforced as a judgment by virtue thereof, outside of the state where it was recovered. ˙

DURFEE J. This is an action of debt upon an alleged judgment of the Supreme Court of the State of New York. The plea is *nul tiel record.* It appears from the certified copy of the alleged record produced in support of the declaration, (the affidavits being taken as a part thereof,) that at the commencement of the action in which the alleged judgment was recovered, the defendants resided at Cincinnatus, in Courtland county, in the state of New York, and that the defendant, Franklin S. Barnes, was not then to be found in that state, and that the summons in the action was published, by order of a justice of the court, in two newspapers, published in the state, for six weeks. It is not suggested that there was any irregularity which would invalidate this proceeding as a service upon the absent defendant, under the laws of New-York. The record discloses no other service, except an indorsement on the summons and complaint in the words following, to wit: "I admit personal service of the within summons and complaint, and that the allegations therein are true, this 13th day of July, 1853. (Signed) F. S. & G. H. Barnes, defendants."

The complaint sets forth that the defendants were partners, and doing business as merchants at Cincinnatus, in Courtland county, from September, 1852, to March, 1853, under the firm

name and style of F. S. and G. H. Barnes ; and in the case at bar the defendants are declared against as " formerly copartners, under the name and firm of F. S. & G. H. Barnes."

The Supreme Court of New York, in rendering judgment, make recital as follows, to wit :  " The summons, with a copy of the complaint in this action, having been duly served on the defendants, as appears by the affidavits of publication and the admission of the defendants hereto attached, on the 13th of July, 1853, and no copy of answer having been served on the plaintiff's attorneys as required by the summons," &c. and thereupon adjudge that the plaintiff recover of the defendants the amount claimed, with interest and costs.

The defendants claim that the record is defective in this, that it contains no evidence that the defendants ever had legal notice of the pendency of the action on which this judgment purports to be founded.

We think it is apparent from the record, taken as a whole, that there was no personal service upon the absent defendant, Franklin S. Barnes, and that the acknowledgment of service, indorsed on the summons and complaint, though signed by the firm name, was made by only one of the partners, to wit, by G. H. Barnes, if by either of them, and would not bind his co-defendant.

It is well settled that, if the defendant, who had no personal notice, had not been a resident of the state of New York, such a judgment against him in any other state would be a nullity. *Darcey* v. *Ketchum and others*, 11 How. 165.  *Phelps and others* v. *Brewer and others*, 9 Cush. 390.

But the record, or an affidavit which is made a part thereof, represents that the defendants were residents of the state of New York, and in the absence of proof to the contrary we presume that to have been the fact.  Assuming, therefore, for this case, (without meaning, however, to decide the point,) that the defendants, being residents of New York, any judgment may be enforced against them here which would be valid against them there as such, we proceed to inquire what effect this record could have in New York, and whether it can be considered, even as

construed by the law of that state, to be the record of a judgment in a proper sense of the word, as used in the provision of the Constitution and laws of the United States appertaining to the question before us.

The Revised Statutes of the state of New York (part iii. ch. vi.) provide as follows, to wit :—

" SEC. 1. In actions against two or more persons jointly indebted upon any joint obligation, contract, or liability, if the process issued against all the defendants shall have been duly served upon either of them, the defendant so served shall answer to the plaintiff; and in such case, the judgment, if rendered in favor of the plaintiff, shall be against all the defendants, in the same manner as if all had been served with process.

" SEC. 2. Such judgment shall be conclusive evidence of the liability of the defendant who was personally served with process in the suit, or who appeared therein ; but against every other defendant, it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence."

Other provisions afford a peculiar remedy upon such a judgment against the defendants not originally summoned, (Rev. Sts. part iii. ch. ii. tit. xii.) but do not, we think, affect the construction of the two sections above cited, in any particular which is material to the question now before us. The defendant, not originally served in such a proceeding, may make the same defence which he might have originally made to the action, except the statute of limitations.

The provisions above quoted have been, to some extent, construed in the higher courts of New York. In *Mervin* v. *Kumbel*, 23 Wend. 293, the action was debt upon a judgment against joint debtors, only one of whom had been personally served or had appeared. The pleas were *nul tiel record*, and another plea which was not sustained. The plaintiff, upon the trial of the issue upon *nul tiel* record in the common pleas, produced the judgment record, and, no further evidence being produced by him, the defendant not served moved for a nonsuit, on the ground that the record did not prove his liability. The motion was

overruled, and an exception taken to the Supreme Court, which was sustained upon the ground that the liability must be proved by evidence other than the judgment. Justice Bronson still further expressed the opinion that an action of debt would not lie upon the judgment.

In *Oakley* v. *Aspinwall*, 4 Comst. 514, the question arose in an action upon a bond given, agreeably to statute, to dissolve an attachment made in a suit upon a judgment against joint debtors, one of whom had not been personally served and had not appeared. The plaintiff procured the attachment on a sworn petition, in which he set forth that he had a demand of, &c., "*arising on a certain judgment,*" &c., recovered in the Supreme Court. One question was whether this statement was correct, and the court held that the plaintiff's demand against both the debtors did not arise upon the judgment, and therefore that the action on the bond could not be sustained upon the evidence. Opinions were delivered by Bronson, C. J. and Mullett, J. who maintained that an action on the judgment would not lie against the defendant not personally served. Bronson, C. J. says : "The judgment adds no force to the claim. It is absurd to say that a party may have an action on a judgment which is no evidence of the defendant's liability. He might as well sue on a piece of blank paper." Mullett J., was not inclined to stop short of the conclusion, "that such a judgment is in *effect no* judgment against the person who was not served, and did not appear in the suit in which it was rendered." An opinion was also delivered by Jewett, J., who held that the plaintiff's was not a demand "arising on a judgment," though he thought the remedy was *in form* upon the judgment. Three other justices, making a majority of the court, concurred in the decision, but without intimating an opinion as to the proper form of action on the claim. Three justices dissented.

It appears, then, that, in respect to the defendant not personally served, the judgment, as a judgment *in personam,* is of no effect, except in so far as it determines the amount of the plaintiff's demand, and exempts it from the operation of the statute of limitations. His liability still remains to be established by

other evidence. The judgment, as to him personally, is little more than a form, and it is doubtful whether it can be sued as a judgment even in the state where it has been recovered. We think it plain that such a judgment, if judment it can be called, as against the defendant not personally served, is not a judgment in the sense of the Constitution and laws of the United States, and ought not, by virtue thereof, to be enforced as a judgment against such defendant, outside of the state where it was recovered. We think the plea of *nul tiel record* is sustained, and that the defendants are entitled to judgment thereon.

*Judgment for defendants.*

*Blodget, for plaintiff.*

*Payne, and C. P. Robinson, for defendants.*

