In the Matter of the Assignment of JACOB S. COHEN et al. to SAMUEL P. HYMAN for the Benefit of Creditors.

[SPECIAL TERM].

(Decided September, 1885).

Upon an application for removal of an assignee under a general assign- ment by copartners for benefit of their creditors, it appeared that one of the three assignors had left the state and his exact whereabouts were unknown. Held, that under the General Assignment Act, which re- quires, upon such application, "due notice of not less than five days to the assignor," notice should be served upon the assignors within the state in the ordinary way, and upon the absent assignor, by depositing the notice in the post office addressed to him at his last known place of residence, giving double the time required by the statute.

APPLICATION for the removal of an assignee under a gen- eral assignment for benefit of creditors.

The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—Where a statute declares what is to be done in giving notice, it must be strictly followed. But except in those particulars which the statute specifies, everything else in reference to the notice is under the control of the courts. All that the stat-

ute here specifies is, that due notice of not less than five days of the motion to remove the assignee is to be given to the assignor. Where the term " due notice " is used in a statute, it is generally understood as referring to the length of time that is to be given (Wade on the Law of Notice § 1324), and it has no greater signification here, where the length of time is fixed by the statute. The act simply provides for a notice to the assignor, but in this case there are three assignors, one of whom has left the state, and whose whereabouts are unknown, further than that he is somewhere in Florida.

The only interest the assignors have under the assignment is the possibility that something may remain after the payment of their creditors, to which they would be entitled —an interest which would be a joint interest—and where parties have a joint interest, as in the case of partners, service of notice upon one has been regarded as equivalent to notice to all (1 Wood's Collyer on Partnership 715; *Brown* v. *Turner*, 15 Ala. 832; *Carman* v. *Townsend*, 6 Wend. 206). But as this is a statutory provision, there may be some doubt as to whether this rule would apply to it, and I think the better course is to hold that the notice should be given to each of the assignors. As two of them are within the state, it can be served upon them in the ordinary way, and as respects the remaining one, who has left the state, and whose precise whereabouts are unknown, the service may be such as the court shall direct, there being nothing in the statute as to the service of notice, except that the time is to be at least five days. We would not, in such a case, be justified in applying the provision made in the act for giving notice to creditors residing out of the state, for that notice is by an advertisement once a week for six weeks; while the provision under consideration here is for a notice of not less than five days, and the delay incurred for such a length of time as six weeks might be a very serious matter in cases where the assignee had misconducted himself, and where his prompt removal was essential to preserve the assigned property, and secure the faithful administration of the trust.

As the statute has made no provision for a case like this—of an assignor who left the state, and yet requires notice—I think the proper course is to follow as nearly as possible the provision of the Code respecting the service of notices and other papers in actions ; that is, by depositing the notice, as provided in section 797, in the post office, addressed to the absent assignor, at his last known place of residence, giving double the time, as required by the next section, which would in this case be ten days. It is true that such a service is a mere formality, but when the party to be served has left the state, and his whereabouts are unknown, it is all that the circumstances of the case will admit of.

As the statute requires that notice of the motion shall be given, and has not in a case like this provided how it is to be served, all that the court can do, in compliance with the statute, is to direct the kind of notice to be given, even though it be but a mere formality ; for it is very plain that the statute did not intend that creditors should be deprived of the right which it gives them, to have an assignee removed who has misconducted himself, or is incompetent, because notice cannot be brought home to the knowledge of an assignor who has left the state, and whose place of abode could not be ascertained after diligent inquiry.

Order accordingly.