## NEW YORK COMMON PLEAS.

### JOHNSON agt. SMITH.

Where there has been an action and judgment against one *partner* or *joint debtor*, with service of process on him only, the plaintiff may commence an action against the other joint debtor *alone* for the same indebtedness. And this practice under the Code is applicable to *justices' courts*.

*New York General Term, June,* 1862.

DALY, BRADY and HILTON, J. J.

APPEAL from a judgment of a justice's (district) court.

By the court, BRADY, J. The plaintiff could maintain an action against the defendant and his partner, Wells, although

the latter had been served in a former action, and judgment had been rendered against him. (*Carman* agt. *Townsend*, 6 *Wend.*, 207.)

Whether the defendant Smith could be sued alone after the judgment, does not appear to have been considered heretofore, and I believe has not been decided in any reported case. The original indebtedness as to the partner served with process, is merged in the judgment, and the proceeding against him is on the judgment rendered. The defendant not served would have the right to interpose any defence of which he could have availed himself in the former action. (*Carman* agt. *Townsend, supra.*) The judgment against him was not conclusive. It was evidence only of the extent of the plaintiff's demand after the defendant's liability should be established by other evidence. (*Oakley* agt. *Aspinwall*, 4 *Coms.*, 513; 2 *R. S.*, 377, § 2, 3*d vol.*, 660, 5*th ed.*) The action would be anomalous in this view of it, because the issues would be different as to each defendant.

The complaint in this case avers the judgment against the joint debtor Wells, in a former suit commenced against both, and also the facts showing the liability of the present defendant as the other joint debtor. I do not understand what objection there can be to this form of procedure. It is simple, direct, and I think just to the defendant Wells. It is scarcely possible that he can have an individual defence. Why subject him then to the expense of another suit? He is already declared to be the plaintiff's debtor. As to him the law has declared its judgment, and now, by allegations showing that the defendant Smith is a joint debtor with him, the plaintiff asks a judicial determination of that liability, so that his personal property may be reached. Such in effect is the proceeding in courts of record under the Code. Section 375 provides that joint debtors, not originally summoned to answer the complaint, may be summoned to show cause why they should not be

bound by the judgment, and the proceeding goes on against them only. Permitting in effect a similar practice in justices' courts will tend to establish that " uniform course of proceeding in all cases" declared in the preamble of the Code to be expedient. I think the justice was wrong in dismissing the complaint, and that the judgment should be reversed. I have not deemed it necessary to determine whether the justice had power to amend the summons in this case, regarding the amendment as I do, unnecessary.