# NEW YORK COMMON PLEAS.

AMASA S. FOSTER agt. RUFUS H. WOOD, Administrator, and SARAH E. MESSER, Administratrix of WILLARD MESSER, deceased.

Where a *summons* in the form prescribed by law for the case in which a copy of the complaint is served with it, is served without the complaint, and does not state where the complaint will be filed, the omission does not render the judgment *void*. It is an *irregularity*, of which advantage should be taken by *motion*.

Section 136 of the Code, which provides for the manner in which judgment may be entered against *joint debtors*, and enforced against the joint property of all, has not repealed the provision of the Revised Statutes which declares how far such a judgment shall be *evidence of liability*.

Where a *joint debtor* has not been served with process, but judgment in form is entered against him under section 136 of the Code, he is not to be considered a "judgment debtor," within the meaning of section 376, providing for summoning his heirs, &c., to show cause why the judgment should not be enforced against them.

*General Term, February*, 1866.
*Before* DALY, *F. J.*, BRADY *and* CARDOZO, *Judges.*

AN action was brought by the plaintiff against William Leavenworth and William Messer, in the life time of Messer, upon a joint obligation entered into by them, in which action Leavenworth alone was served with process, and a judgment was entered up against both in conformity with the provisions of the statute in relation to joint debtors. (2 *R. S.* 377; *Code,* § 136.)

After the entry of the judgment Messer died, and the plaintiff summoned his personal representatives, the defendants, to show cause why the judgment should not be enforced against the estate of Messer in their hands, under the 376th section of the Code, which authorizes such a proceeding in case of the death of a judgment debtor after judgment. The defendants in their answer first denied the existence of any judgment, and then as respects Messer, averred that he was not a judgment debtor; that as he had never been served with process, and had never appeared

in the action, the judgment was not a judgment against him except in form. The matter was referred to a referee, and he found, first. That the summons served upon Leavenworth was irregular, as it was in the form prescribed by law for the case in which a copy of the complaint is served with the summons, and that no complaint was served with it, nor did it state where the complaint would be filed. Second. That Messer was not a judgment debtor of the plaintiff, and that the judgment was not a judgment against him except in form.

By the court, DALY, F. J. The omission to serve with the summons a copy of the complaint, or, no complaint having been served, to state in the summons where it was or would be filed, did not render the judgment void. It was an irregularity of which advantage could be taken by motion, for the court acquired jurisdiction by the service of the summons, and a defect like this in the form of it was amendable. (2 *R. S.* 424; *Hallett* agt. *Righter*, 13 *How.* 43; *Pignolet* agt. *Daveau*, 2 *Hilt.* 584; *Martin* agt. *Kanouse*, 2 *Abb.* 393; *Cook* agt. *Dickerson*, 1 *Duer*, 679; *Keeler* agt. *Betts*, 3 *Code R.* 183; *Bronson* agt. *Earl*, 17 *Johns.* 64; *Tidd's Practice*, 130, 1032, 9*th Lond. ed.*; *Graham's Practice*, 132, 665, 2*d ed.*) It was not a matter of which these defendants could avail themselves in this proceeding, and afforded no reason for dismissing it.

As respects the second ground of defence, that Messer was not a judgment debtor, I think the referee decided correctly. It was held in *Oakley* agt. *Aspinwall* (4 *N. Y.* 513), that an attachment against a non-resident debtor could not be sustained upon the petition of the attaching creditor that he had a demand against the debtor arising upon a judgment, where it appeared that the judgment was entered up as authorized by the Revised Statutes (2 *R. S.* 377), against the defendant as a joint debtor, without the service of process upon him. The ground taken by

Justices Bronson and Mullett, was that the judgment as respects the debtor not served, had no other effect than the statute gives it, which is that it may be collected out of the personal property owned by him jointly with the defendant, or any of the defendants served; that for all other purposes it was not even *prima facie* evidence of any indebtedness on his part; that it created no liability, and was a judgment merely in form; and though Justice Jewett thought that the intention of the legislature was to allow a remedy (an action) in form upon it, yet he agreed that it had no force or effect as evidence of the plaintiff's demand against the defendant not served.

The Code (§ 16), has provided for the manner in which a judgment may be entered against joint debtors, and enforced against the joint property of all, but it has not repealed the provision of the Revised Statutes which declares how far such a judgment shall be evidence of liability. It has provided (§ 375) that a joint debtor, not originally summoned to answer the complaint, may be summoned to show cause why he should not be bound by the judgment in the same manner as if he had been originally summoned, and has provided (§ 379) that he may make the same defence which he might have originally made to the action, except the statute of limitation; in this respect affording a mode for establishing his individual liability upon the judgment, and giving to the judgment, in so far as he is precluded from the defence of the statute of limitation, more effect than it had under the Revised Statutes (*Bruen* agt. *Boker*, 4 *Denio*, 56). In the same chapter, and in the section immediately following, provision is made for summoning heirs, devisees, legatees and personal representatives, in a certain time after the death of a judgment debtor, to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands. This provision was manifestly intended as a substitute for the writ of *scire facias*, to obtain execution upon

final judgment after the death of the judgment debtor (*Alden* agt. *Clark*, 11 *How.* 213), and it appears from the noting of the codifiers, that the reason why it was incorporated in this chapter was because they had changed the form of proceeding in such a case from *scire facias*, which was in the nature of an action, and made it correspond with the proceeding against joint debtors, which is by a summons to show cause, that there might be a more easy and expeditious mode of procedure in such cases than by *scire facias* (*First Report of Codifiers*, 1848, *pp.* 236, 237). There is nothing to indicate that it was the intention of the legislature that a proceeding of this nature might be resorted to against the personal representatives of a deceased joint debtor against whom a judgment has been entered without the service of process upon him; but on the contrary, it is evident that what is meant by the term "judgment debtor," in this section, is one against whom the judgment is conclusive and final. Upon *scire facias* the defendant could not plead any matter which he might have pleaded to the original action (*McFarland* agt. *Irwin*, 8 *Johns.* 77; *Cook* agt. *Jones, Cowp.* 727), and in this proceeding the personal representatives of the judgment debtor, when summoned, are limited to a denial of the judgment, or the setting up of a defence which may have arisen subsequently (§ 379). The right of the party summoned to make any defence which he might have made to the action, is allowed only in proceedings under section 375, and that section provides only for the summoning of a joint debtor, to show cause why he should not be bound by the judgment. The one is a proceeding by means of which a joint debtor may be made a judgment debtor, the other a proceeding by which a judgment debtor's estate after his decease may be subjected to the payment of the judgment against him, distinct and different proceedings, and which are not to be confounded with each other.

That such was not the intention of the legislature, is

Foster agt. Wood.

inferable for another reason; there was no merger in the judgment of the original indebtedness as against Messer (*Oakley* agt. *Aspinwall, supra*). He was a joint debtor and nothing more, and the rule is well settled that if one of the parties to a joint contract dies, his personal representatives are in law discharged from liability, and the survivor alone can be sued (*Grant* agt. *Shuster*, 11 *Wend.* 148). Nor is there any remedy in equity unless the survivor should be insolvent, which it is incumbent upon the judgment creditor to show (*Lawrence* agt. *The Trustees of the Leake and Watts Orphan House*, 2 *Denio*, 587). Now in the proceeding provided for in the chapter under consideration, the judgment creditor merely serves upon the debtor a summons to show cause, and the debtor must answer within twenty days, setting up his defence, if he have any. That such a proceeding was not intended to apply to the personal representative of a deceased joint debtor is obvious, as the very proceeding itself shows that they are in law discharged from all liability, and if they are chargeable in equity, then the burden is upon the judgment creditor to establish it by bringing an action. The proper remedy of the plaintiff was to present his claim to the personal representatives, and if they would not refer it, but disputed it, to bring his action (2 *R. S.* 88, 89, §§ 35, 36, 37, 38).

The report of the referee should be confirmed.