Daly, F. J.
Section 375 applies only to judgments recovered against one or more persons jointly indebted, by proceeding as provided in section 136. This judgment was not recovered ‘ ‘ by proceeding as provided for in section 136, but was recovered under a provision of the Revised Laws of 1813, which authorized j udgments in this form against joint debtors, in justices’ courts (2 Pev. Laws of 1813, 378). Section 375, therefore, is not applicable to it. -It is, by the filing of the transcript, to be enforced in the same manner as, and to be deemed a judgment of, this court; but that does not make it a judgment which was recovered by proceeding as provided for in section 136, for the proceeding provided for in that section is in a civil aciion commenced in a court of record (§ 127).
Barrett, J.
No judgment is recovered in this court by the docketing of a marine or district court judgment in the county clerk’s office; nor does the judgment, recovered elsewhere, thereby become, in fact, a judgment of this court. It is to be enforced in the same manner as, and, by a sort of statutory fiction, be deemed, a judgment of this court. '
*419 The words “and "be deemed” are to "be construed, not as a separate and additional provision, "but rather as an expression of the legislative intention to prevent any misconstruction of the previous language (Martin v. The Mayor, 11 Abb. Pr., 295; affirmed, 12 Abb. Pr., 243).
This "being the case, the process of "binding the joint debtor, who was not originally served, is not an enforcing of the judgment. To enforce the judgment, is to exhaust every known remedy for compelling its payment out of the joint property of the defendants,'and the individual property of the defendant served. Anything beyond that is the acquisition of an additional right—indeed of an additional judgment; for the remedy against the joint debtor, who was not served, is upon the original claim, and not upon the judgment (Oakley v. Aspinwail, 4 N. Y., 513; Foster v. Wood, 30 How. Pr., 284; Dean v. Eldridge, 29 Id., 218); and an action thereupon may even be maintained against him, personally, without joining the defendant who was served (Johnson v. Smith, 14 Abb. Pr., 421). He is not a judgment debtor ; but, as was said by Judge Daly, in Foster v. Wood, supra, “a joint debtor, and nothing more.” The proceeding, therefore, is not to enforce the judgment, but to bind the party by it, by enforcing against him the original debt.
I agree with Judge Daly, that the judgment was not recovered “by proceeding as provided in section 136.” This expression must be read in the light of the context, and with reference to the inapplicability of sections 375 and 136 to the marine and district courts. The judgment was recovered, therefore, hi a court not contemplated by these sections, and by “proceeding as provided” in a totally different law, which happens to authorize a somewhat similar mode of procedure.
The true and convenient remedy is by action in the form indicated by Judge Brady, in Johnson v. Smith (supra). Even where the judgment has been recovered in a court of record, an action lies, and the statutory proceeding is merely cumulative (Dean v. Eldridge, supra). And the practice contended for would, in my judgment, *420 "be both inconvenient and anomalous, even if authorized by special legislation. It would involve our binding a party by a judgment of which we have no record. The record of the original judgment would remain in the marine court, and its docket in the county clerk’s office, while that of the judgment against the individual bound would be in this court. The recoveries, too, would vary according as the latter judgment might be increased by additional costs, or decreased by a partially successful defense to the original claim—a difficulty of but little moment where all the proceedings are in one court.
Again: if an appeal were pending in the marine court, the confusion would be still greater ; for we know that, although the judgment of that court is, upon the filing of a transcript, to be deemed the judgment of this court, yet the appeal thereafter proceeds to their general term, and if the judgment 'be there-reversed, it ceases to be deemed a judgment of this court. Similar difficulties would arise in case of the opening of a default in the marine or district court. These illustrations serve also to show that the judgment of the marine or district court is correctly deemed to be the judgment of this court solely for the purpose of enforcing it, and that it can never become such in fact or for all purposes. Much less is the recovery of a judgment in this court effected by the filing of a transcript.
For these reasons, I concur in the result arrived at by Judge Daly.
Brady, J.
I adhere to the opinion expressed at special term. There is nothing in section 375 which, in my judgment, prevents the adoption of tire rule sought to be established in this case. It declares, “ that when a judgment shall be recovered against one or more persons jointly indebted upon a contract, by proceeding as provided in section 136, those who were not originally summoned to answer the complaint maybe summoned to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned.” Section 136 declares, “that if the action be *421 against defendants jointly indebted upon contract, he may proceed against the defendant served, unless the court otherwise direct,” and provides for the effect of a judgment in such a case, when founded upon a service of the summons upon some only of the defendants.
In this case, the plaintiff took judgment against the defendant served, under the Laws of 1813, referred to by Judge Daly, and, in effect, though not precisely in form, proceeded as provided in section 136. The right of the plaintiff to proceed at all, depends upon the effect which may be given to section 68, already considered by me, in my opinion at special term. The proceeding thus instituted does not deprive the defendant of any right. He may, under section 379, make any defense which he might have made to the action if the summons had been served on him at the time when the same -was originally commenced, and such defense had then been interposed in such action. If he have no defense, the judgment binds him by an order to be made in the cause, and the plaintiff obtains, by a summary mode, an effective judgment against all the property of the debtors.