MORGAN and Others *v.* WOODS.

PROCESS.—*Publication.*—*Name.*— *Collateral Proceeding.*—*Attachment.*—The in-

troduction of a wrong initial letter between the Christian name and the surname of a plaintiff in the publication of notice of the pendency of a proceeding in attachment in a court of superior jurisdiction the introductory steps authorizing the publication having been properly taken, does not render the subsequent proceedings under such notice void, but simply erroneous; and until reversed by an appellate court, the judgment and proceedings under it are effective and conclusive between the parties.

SAME.—*Date of Term.*—Such a notice by publication stated that the term of court was to be held "on the third Monday of August, 1887."

*Held,* that the fact that the time of holding the court was fixed by law made this error of date unimportant.

APPEAL from the Gibson Circuit Court.

RAY, J.—This was an action brought by Ephraim E. Woods against appellants, upon a complaint in two paragraphs.

The first paragraph charges, that the defendants have possession of certain property (of which a schedule is filed, marked exhibit "A"), without right, and unlawfully detain the same from the plaintiff.

The second paragraph charges, that the defendants unlawfully, without leave, wrongfully took certain property of the plaintiff, being the same property described in said exhibit "A," and sold the same and converted the proceeds to their own use.

The defendants filed their answer, which we here set out in full.

"Par. 1st. The said defendants, except Hiram E. Read, for answer to the plaintiff's complaint, deny each and every allegation therein contained.

"Par. 2d. The said defendants, except Hiram E. Read, for further answer to the first and second paragraphs of the plaintiff's complaint, say that the personal property mentioned and described in the said two paragraphs is the same and identical property that, on the 2d day of June, 1867, the said defendants, John H. Morgan, William W. Morgan, Hiram E. Read, and John B. Putnam, brought an action in the court of common pleas, of the county of Gibson, against one Sylvester M. Newman (a copy of the complaint in said action is herewith filed, marked 'exhibit A'); and at the same time they made their affidavit in said ac-

tion, for a writ of attachment (a copy whereof is herewith filed, marked 'exhibit B'); and at the same time they filed their undertaking (a copy whereof is herewith filed, marked 'exhibit C'); and thereupon a writ of attachment was issued by the clerk of said common pleas court (of which a copy and of the return thereof are filed herewith, marked 'exhibit D'); and afterwards publication was duly made of the pendency of said action (a copy whereof is herewith filed, marked 'exhibit E'); and on said 2d day of June, 1867, the said plaintiffs in said action, in the common pleas court also made and filed their affidavit in garnishment (a copy whereof is herewith filed, marked, 'exhibit F'); and in pursuance of said affidavit in garnishment, the clerk of said common pleas court issued on said day a writ of garnishment (a copy whereof, with the return thereto, is herewith filed, marked 'exhibt G'), which said writ of garnishment was served on the said garnishee, John P. Newman, on the 29th day of June, 1867, as appears by the return thereto; and afterwards, to wit, at the August term 1867, of said common pleas court, the said cause of Morgan and others *v.* Sylvester M. Newman came on for hearing, and the said John P. Newman, garnishee, filed his answer therein (a copy whereof is herewith filed, marked 'exhibit H'), and the issue being joined upon the affidavit in garnishment and answer of said garnishee, the said cause came on for trial in said court, and such proceedings were had that said court rendered judgment (a copy whereof is herewith filed, marked 'exhibit I'), and in pursuance of said judgment, the clerk issued an order to the said defendant Vail, who was then and there the sheriff of said county, (a copy whereof, with his return thereto, is herewith filed, marked 'exhibit K,') and in pursuance of said order, the said defendant Vail, as sheriff, as aforesaid, levied upon and took into his possession the said property therein described, which is the identical property described in said complaint, and sold the same to satisfy the said judgment, all of which will appear by his return aforesaid to said order of sale;

and these defendants say that the grievances set forth in the said complaint are the identical transactions in the answer described and set forth; and these defendants say that after the issuing of the said writ of garnishment, the said John P. Newman, garnishee as aforesaid, fraudulently and for the fraudulent purpose of cheating, hindering, and delaying the said plaintiffs in said action in the common pleas court, in the collection of their debt against Sylvester M. Newman, made a pretended sale of said goods and chattels to the said plaintiff, which is all the pretense of title that the plaintiff has to the said property; wherefore they ask judgment for their costs."

The exhibits in this answer disclose that the notice of the pendency of the action was in the name of "John M. Morgan *et al.*", in place of John H. Morgan *et al.*, and that the term of the court was to be held "on the third Monday of August, 1887." The error in the time of the holding of the court is not pressed and is not important, as this date is fixed by law, which is sufficient notice of the time.

The judgment, to which reference is made in the answer, shows the finding of the jury against John P. Newman, garnishee, and the usual judgment, the order of sale, and the return of the sheriff. The plaintiff filed his demurrer to the second paragraph of the answer, which was sustained by the court, and exception was taken by the defendants. There was a trial by jury, upon the general issue filed by defendants; finding for plaintiff. Motion for new trial by defendants overruled, and exception; judgment for appellee for $852.80; appeal prayed to this court, bill of exceptions and bond filed. The final order is set out.

The bill of exceptions is made a part of the record.

The appellee, Ephraim E. Woods, testified, that on the 22d day of August, 1867, he was the owner of the property described in the exhibit filed with his complaint; that he had bought the goods on the 20th day of August, 1867, from John P. Newman, and completed the contract on the

22d day of August, 1867, and the defendant Vail had levied on, and taken them on the 23d day of August, 1867.

Other witnesses testified to the value of the goods, and that they were bought by Woods from John P. Newman.

The defendant Vail testified, that he took the goods as sheriff, on a writ in favor of Morgan, Read & Co. (the defendants).

The plaintiff proved the names of the members of the firm of Morgan, Read & Co., and rested.

The defendants then offered in evidence all the papers, including the publication of notice and affidavit of same, in the case of John H. Morgan, William W. Morgan, Hiram E. Read, John B. Putnam, against Sylvester M. Newman and John P. Newman, garnishee, in the court of common pleas of Gibson county, at its August term, 1867; also, the record, writ, and every other paper appertaining to the case, the plaintiff having first admitted that the papers so offered were the original papers which they purported to be, waiving any objection for want of proof that they were the papers aforesaid. All the papers above referred to, and set out with the answer, are set out in the bill of exceptions at length. This evidence was rejected and exception taken. The affidavit of publication made by the printer is set out. It is in the usual form and shows that the publication of the notice of pendency of the action was made in the proper paper three weeks successively—the first publication being on the 29th day of June, 1867, and the last on the 20th day of July, 1867.

As the answer in denial would admit all the evidence proper under the second paragraph, no harm resulted ·in sustaining a demurrer to that paragraph of the answer.

The only question for our consideration remaining is, whether the error in the introduction of a wrong letter between the Christian and surname of one of the plaintiffs in the notice of the pendency of the action in attachment, rendered the judgment obtained, and the order of sale under it, and the subsequent proceedings, void, or whether

the proceedings under such a notice were simply erroneous, and while liable to reversal in an appellate court, good until thus questioned.

While unable to reach a unanimous conclusion, the majority of the members of this court are satisfied that the latter is the correct view, and that until reversed, the judgment and the proceedings under it are effective and conclusive between the parties, and the record thereof should have been admitted in evidence.

This result is not reached by the unreasonable *ipse dixit,* that this letter, thus inserted, constitutes no part of the name, but upon the ground that "where publication has been authorized, the presumption is conclusive that it has been as effectual as service would have been, and if there be sufficient in the notice to inform the party of the nature of the proceedings, the interest he has in it, and the court where it will be heard, we may perhaps regard the subsequent proceedings of the court of superior jurisdiction in which the cause is tried as erroneous, but we cannot treat them as void." *Waltz* v. *Borroway,* 25 Ind. 380.

Here the introductory steps were duly taken authorizing the publication. It became then as effective as the personal service of such a notice or summons. Could the defendant in an action disregard the service because "John M. Morgan" was inserted as plaintiff, in place of "John H. Morgan?" In *Hollingsworth* v. *Barbour,* 4 Pet. 466, it is said, "where there has been personal service of irregular or erroneous process, the party has notice in part and may, if he will, appear and object to or waive the irregularity."

If in this attachment case the defendant had appeared, he would have been informed by the complaint, the affidavit, and the bond, that it was John H. Morgan and others who were endeavoring to obtain a judgment and order for the sale of certain property. *Keene* v. *Meade,* 3 Pet. 1. He had notice in part and might appear and object to the error in the notice, or waive it and defend on the merits. In *Bowen* v. *Mulford,* 5 Halst. 230, it is held, that where a sum-

Morgan and Others *v.* Woods.

mons is issued in the name of J. M. plaintiff, and in the state of the demand a middle letter is inserted (J. S. M.), and the defendant does not appear, but judgment is rendered against him in his absence, the judgment will be reversed as erroneous. The reason assigned is, that otherwise the defendant would be required "to accomplish an unreasonable, if not an insuperable, task in sustaining a plea of former recovery; for by which of the persons is the recovery had? he whose name is entered on the justice's docket, or he who is named in the state of demand?" Clearly, in the case under consideration, there could be no such reason assigned for declaring the judgment even erroneous. The papers upon which the publication is based clearly point out the error as a clerical one, and correct it in the proceedings, and upon an examination in response to the notice, the defendant would be correctly informed by the papers filed of the persons who had instituted the proceedings. *M'Gee* v. *Barber*, 14 Pick. 212.

In *Herf* v. *Shulze*, 10 Ohio, 263, it was held, that where a *capias ad respondendum* was issued in the initial letters of the plaintiff's Christian name, the defect might be taken advantage of by plea in abatement, or by motion to discharge on common bail. Such, indeed, seems to be the current of authority, all holding such an obligation to be simply cause for reversal on appeal, where judgment had been taken on default or over the proper exceptions on an appearance.

The cause is reversed for the error in refusing to admit the transcript of the judgment and proceedings under the same in evidence, and remanded for further proceedings.

FRAZER, J., dissented.

*C. Denby* and *A. C. Donald,* for appellants.

*C. E. Marsh,* for appellee.