## Case No. 5,873.

### In re GURNEY.

[7 Biss. 414; 15 N. B. R. 373; 9 Chi. Leg. News, 255; 4 Law & Eq. Rep. 28.][1]

Circuit Court, E. D. Wisconsin. April 4, 1877.

UNRECORDED BILL OF SALE — SECRET LIEN — RIGHTS OF ASSIGNEE— ASSIGNEE REPRESENTS CREDITORS.

1. Where a bill of sale of personal property is made, and the vendee leases the same to the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Law & Eq. Rep. 28, contains only a partial report.]

vendor, with a clause in the contract of lease by which the bankrupt agrees to buy the property back at a fixed price, both bill of sale and lease being unrecorded, the transaction is, in effect, a mortgage.
[Cited in Lane v. Innes, 43 Minn. 141, 45 N. W. 5.]

2. Such an agreement is a secret lien, and a fraud on the rights of creditors.

3. The adjudication of bankruptcy is equivalent to a judgment and levy, and the assignee has the same right to have such a transaction nullified as a judgment creditor would have.
[Cited in Re Werner, Case No. 17,416.]

4. An assignee not only represents and stands in place of the bankrupt, but he also represents the creditors. He has a stronger right than the bankrupt. He can contest claims and rights to property which the bankrupt cannot contest.
[Cited in Cady v. Whaling, Case No. 2,285; Lloyd v. Hoo Lue, Id. 8,432; Platt v. Preston, Id. 11,219; Adams v. Merchants' Nat. Bank, 2 Fed. 180.]

[Appeal from the district court of the United States for the Eastern district of Wisconsin.

[In bankruptcy. In the matter of Thomas C. Gurney.]

Ordway & Newland, for petitioner.
John J. Orton, for assignee.

DRUMMOND, Circuit Judge. This is a controversy concerning the right of property in an engine, boiler and some fixtures which were in possession of the bankrupt under the following circumstances: A man by the name of Hanchett appears to have loaned the bankrupt money, taking a bill of sale of the property, and the bankrupt taking back something in the nature of a lease, and agreeing to pay a certain sum for the use of the property; this was a secret arrangement between the bankrupt and Hanchett. There was no change of possession; it remained with the bankrupt, and there was no registry either of the bill of sale or the lease. It was, therefore, a secret lien or claim upon the property in possession of the bankrupt, of which he was the apparent owner, and so unknown to other parties who might deal with him. There is no doubt that this contract was good, as between the bankrupt and Hanchett. There was a clause in the contract of lease, by which the bankrupt agreed to buy the property back at a fixed price. This was, then, in effect a mortgage of the property to secure a loan made by Hanchett to the bankrupt, unrecorded and unknown to his other creditors. This was invalid under the law of Wisconsin as to creditors. If, then, a creditor had attached the property under such circumstances, as the property of the bankrupt, he could undoubtedly have held it. If an execution had issued upon a judgment against the bankrupt, and been levied upon the property as his, it would also have held it.

But it is claimed that when the party became bankrupt, and a deed was made to his assignee, the assignee took no other right of property than he himself possessed; and as it

was a good title as between the parties, it would be as against the assignee. In other words, if it be true in law and in fact, that the assignee merely stands in the place of the bankrupt to all intents and purposes, then of course this secret arrangement made between Hanchett and the bankrupt, would be valid. But is it true, that an assignee stands precisely in the place of the bankrupt as to creditors? It seems clear he does not. He has a stronger right than the bankrupt. He can contest claims and rights to property, which the bankrupt cannot contest. That is the meaning of the statute which declares, that all property disposed of in fraud of creditors, shall pass to the assignee. Now, this was a transfer of property in fraud of the creditors of the bankrupt. The district court decided (mainly upon the authority, as I understand, of a decision of Mr. Justice Hunt), that an assignee stands simply in the place of the bankrupt; that as the representative of the creditors he had no other right than the bankrupt, and therefore, upon a petition filed by Hanchett, this property was ordered to be delivered to him. If this decision of Mr. Justice Hunt is correct, then the decision of the district court was right; but I am of the opinion that it is not. It is contrary to the rule which has been always adopted in such cases in this circuit. It has been uniformly held that the assignee occupies a stronger position as the representative of creditors than the bankrupt; that he is the agent of the creditors, for the protection of their rights; that as to the property of the bankrupt, and as to actions against him, there is a suspension of all legal proceedings; that the assignee stands in the place of an attaching or an execution creditor, and that he has all their rights. Harvey v. Crane [Case No. 6,178]; and see Robinson v. Elliott, 22 Wall. [89 U. S.] 513.

Mr. Justice Hunt has asserted in the case referred to—In re Collins [Case No. 3,007]—that an assignee cannot impeach the validity of a mortgage which is void as against creditors, on account of the omission to record it, as required by the state laws. The ground upon which he puts it is, that the assignee cannot claim or hold the position of an attaching or an execution creditor; that he does not represent a judgment or execution creditor, and is not like a purchaser or mortgagee holding in good faith. The reason why an assignee stands as an attaching or judgment creditor, is stated in another case—Barker v. Barker's Assignee [Id. 986]—as follows: "Conceding that a general creditor, having no lien or judgment, could not file a bill to set aside, as void, an unrecorded conveyance of real estate, and to subject the property to the payment of his debts, does this rule apply to an assignee in bankruptcy? * * * It would appear that an adjudication in bankruptcy removes the necessity for a lien or judgment before a bill can be filed to subject the property fraudulently conveyed, or when the transfer is for other reasons invalid." It is because all legal proceedings touching the property of the bankrupt, and as to suits against him, are suspended, that the adjudication of bankruptcy has this effect. "If the rule were otherwise, then no property conveyed by a bankrupt in fraud of his creditors, or by any void or invalid conveyance, unless the creditors had reduced their claims to judgment, could be subjected by the assignee in bankruptcy to the payment of debts." "For after an adjudication of bankruptcy, no creditor, whose debt is provable, is allowed to prosecute to final judgment, any suit in law or in equity, until the question of the bankrupt's discharge shall be determined." This reasoning seems to me entirely satisfactory, and while there has been a difference of opinion upon this subject, I think the weight of authority is also in accordance with this last case, although it is the opinion of a circuit judge.

We have the opinion of another judge of the supreme court of the United States, Mr. Justice Strong, adverse to that of Mr. Justice Hunt, in a case very recently decided. Miller v. Jones [Case No. 9,576]. That was a case where it was held that if it were treated as an unrecorded mortgage of the property, it was valid, on the ground of possession in the mortgagee before the proceedings in bankruptcy were instituted. In the case at bar there was no change of possession. The bankrupt remained in possession of the property up to the time of the proceedings in bankruptcy.

"No one doubts," says Mr. Justice Strong, "that in this case Kaufmann & Hawk might have actually delivered the chattels to Jones as a security, for the debt due him." If in this case we are now considering, the bankrupt had delivered the property to Hanchett instead of retaining it himself, it would have occupied an entirely different position. Mr. Justice Strong continues, "And had they done so, the pledge would have been good, even as against creditors. Until the delivery, creditors having recovered a judgment, might have levied upon the goods, and held them by right superior to that of a pledgee or mortgagee without possession, except so far as he might have been protected by the statute. And I think, notwithstanding some decisions to the contrary, an assignee in bankruptcy of the mortgagors stands in the position of such creditors with equal rights (that is, judgment creditors), the adjudication of bankruptcy being equivalent to the recovery of a judgment and a levy."

Now, in view of this difference of opinion between two judges of the supreme court, and what I understand to be the general rule adopted by the district and circuit judges, and also in view of the one always adopted in this circuit, I must hold that this secret lien or mortgage, as against the creditors, represented by the assignee, was invalid and inoperative, and that Hanchett, the mort-

gagee, or vendee (whichever we may call him), had no right, upon a petition to the district court, to have this property surrendered to him, but that it belongs to the general creditors of the bankrupt. Therefore, I shall reverse the order of the district court. Of course, if Hanchett shall be advised that he has a valid claim to the property, he can have his rights litigated in a proper adversary proceeding against the assignee.

As to status of assignee in bankruptcy, see, also, Cady v. Whaling [Case No. 2,285].