Mallory v. Riggs.

MALLORY *et al.* v. RIGGS.

**Former Adjudication:** QUIETING TAX TITLE : DISCREPANCY IN NAMES : SAME SOUND. Plaintiffs claim the land in question under the patent title through one John Van Nortwick, and defendant claims under a tax title through one Johnson. When Van Nortwick held the patent title, Johnson brought an action against John Van Nortrick to quiet his tax title. The notice was by publication, and there was an appearance and a defense, but the title was quieted in Johnson. *Held* that the difference between Van Nortwick and Van Nortrick is in spelling only, and not in sound, and that, as Van Nortwick was the person adversely interested, it must be presumed, in the absence of proof to the contrary, that he was the person who appeared and defended. Consequently the adjudication in that case is binding on the parties to this, and bars this action to quiet title to the same land in plaintiff.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 19, 1888.

ACTION in equity to quiet the title to real estate. Judgment for the defendant, and the plaintiffs appeal.

*H. E. Long,* for appellants.

*E. C. Herrick,* for appellee.

SEEVERS, C. J.—The plaintiffs claim title to the real estate in controversy under a patent from the United States, and the defendant under a tax title. John Van

Nortwick purchased the land of the general government, and a patent was issued to him, under which the plaintiffs claim. In 1864 the treasurer of Sioux county executed a tax deed for the premises to Charles H. Miller, in pursuance of the sale for the delinquent taxes of 1858 and 1859. Miller conveyed the premises in controversy to Eli Johnson in 1870, and the latter conveyed the same to the defendant in 1877. The defendant pleaded and relied on the tax title, and further pleaded that, in 1875, Johnson commenced an action in the district court of Sioux county against John Van Nortrick to quiet the title to the premises in controversy, and that a decree was duly entered in such action, granting the plaintiff therein the relief asked. The plaintiffs, in a reply, pleaded several matters which, for the purposes of this opinion, it will be conceded were established on the trial, and by reason whereof the tax title must be regarded as void, unless the plaintiffs are estopped from setting up the same because of the prior adjudication in the action commenced by Johnson. The plaintiffs contend that there is no estoppel, because of the difference between the names of John Van Nortwick and John Van Nortrick. The difference in spelling is immaterial, because there is no appreciable difference in the sound when the two names are spoken. To make such difference, the accent must be placed upon the last syllable, and we do not believe the name is ordinarily so spoken, but that the accent is placed on the first two syllables. Conceding this to be so, the sound conveyed to the ear, whether "w" or "r" is used, is not distinguishable, or, if so, the variance is slight, trivial and not substantial. Certainly the variance in sound is not as great as between "Josiah" and "Josier," or "Belton" and "Beton," or "Japheth" and "Japhath," or "Benedetto" and "Beneditto," or "Whinyard" and "Winyard," or "Deadenia" and "Diadenia," and yet, in all these instances, the variance was held to be immaterial. *Schooler v. Asherst*, 13 Amer. Dec. 232; *State v. Patterson*, 38 Amer. Dec. 699, and authorities cited in notes. That the variance

in this case should be held to be immaterial we think is apparent when the following facts are considered. It is said the original papers in the *Johnson case* have been lost; but whether this is so or not is immaterial. They were not introduced in evidence, but the decree as entered of record was, and also the appearance docket; and there from it sufficiently appears that the action was against John Van Nortrick, and that the original notice was served by publication. The petition was filed in March, 1873, and proof of publication April 22, 1873. On the same day the defendant appeared by counsel, and was given sixty days to answer. In March, 1874, an amendment to the answer was filed, and the same day a stipulation was filed that the case should be tried at the April term of court at Sioux City, and in March, 1875, the decree signed by the judge was filed and entered of record. The presumption should, we think, be indulged, in the absence of any showing to the contrary, that some person claiming to own the land, or who was interested in contesting the validity of the tax title under which Johnson claimed, employed counsel, and defended the action. The service of notice was by publication, and counsel representing the defendant appeared and defended. It cannot be presumed that any one would employ counsel who did not claim to own the land, and as John Van Nortwick owned the patent title, as appeared of record at that time, the presumption should be indulged that he appeared and made defense, in the absence of any showing to the contrary. The slight variance between Van Nortwick and Van Nortrick fully authorizes that such presumption should be indulged. It therefore follows, as it was determined in such prior adjudication that the defendant's grantor was the owner of the land in controversy, that the plaintiffs are estopped by such adjudication from asserting the invalidity of the tax title, and the judgment of the district court must be

AFFIRMED.