BEULAH M. LANE *vs.* ROBERT S. INNES and others.

April 9, 1890.

Jurisdiction— Hennepin County Common Pleas.—By the act creating the court of common pleas of Hennepin county, (Sp. Laws 1872, *c.* 177,) that court was given equal and concurrent jurisdiction with the district court in that county, and the same statutory procedure was applicable alike to each.

Bankruptcy—Fraudulent Conveyance—Action in State Court by Assignee.—An assignee in bankruptcy, under the general bankrupt act of 1867, was entitled to bring an action in the state courts to set aside fraudulent conveyances made by the bankrupt. Such an action involves no federal question. It is in the nature of an action *in rem*, and its object is to reach the property fraudulently disposed of, and apply it to the satisfaction of the debts of the bankrupt, and properly belongs to that class of actions in which service by publication may be made upon non-resident defendants.

Same—Finding that Deed was Delivered after Assignment.—A finding by the trial court, in such an action, that a deed executed by an insolvent, when in failing circumstances, to a non-resident grantee, was not in fact delivered till more than a year after its execution, and a long time after its record, and after the assignment in bankruptcy, is sufficient, as against an attack in an independent proceeding, to support a judgment setting aside the deed as fraudulent and void.

Publication of Summons—Misnomer of Defendant.—A slight variance in the spelling and pronunciation of the name of the defendant in a published summons *held* not to be misleading, and not fatal to the jurisdiction of the court.

**Same—Affidavit of Publication.**—An affidavit of publication which states that the summons was published "seven" weeks, once a week, the date of the first and last publication being shown, from which it appears that six weeks was intended, is sufficient, under the statute.

**Same — Defect in Form of Summons not Jurisdictional.**— Where the summons, as published, contains the requisites of process to bring the party into court, formal defects therein will not prevent jurisdiction attaching, any more than in cases of personal service, if publication thereof is shown by the record to have been authorized, and to have been made and completed in conformity with the statute.

Action brought in the district court for Hennepin county, to determine adverse claims to block 18, in Groveland addition to Minneapolis. Both parties claimed title through Joseph Hodges, the plaintiff (whose name in 1873–6 was Beulah M. Plimpton) under a deed from him, bearing date May 25, 1873; and the defendant Caroline A. Remington under a deed from Hodges's assignee in bankruptcy, made after judgment rendered in his favor in an action in the court of common pleas of Hennepin county, adjudging a deed to "Berlah M. Plimpton" to be void, and barring her from asserting any title to the land in question. The action was tried by *Smith*, J., who ordered judgment for defendant Remington. The plaintiff appeals from an order refusing a new trial.

*F. C. Stevens, Cobb & Wheelwright,* and *A. J. Shores,* for appellant.
*Hawley & Hall* and *Charles H. Woods,* for respondent.

VANDERBURGH, J.    On the 13th day of February, 1874, one Joseph Hodges, an insolvent, filed his petition in bankruptcy and was duly adjudged a bankrupt by the district court of the United States for the district of Minnesota, and such proceedings were thereupon had in that court that one William E. Hale was duly appointed the assignee of the bankrupt, and the register in bankruptcy, on the 15th day of June, 1874, conveyed and transferred to him all the property, real and personal, that the bankrupt was owner of, or in any way entitled to, on the day his petition was filed; and the deed of assignment was duly recorded.    On the 1st day of December, 1873, the bankrupt had filed with the register of deeds of Hennepin county a deed of the premises in controversy here, duly executed in form, by

himself and wife, to the plaintiff herein, a relative of his wife, bearing date May 25, 1873, in which the consideration expressed was the sum of one dollar; and such deed was thereupon duly recorded. It is admitted that the title was in the grantor, Hodges, at and prior to the date of the deed. The plaintiff herein, grantee in such deed, was then, and has since continued to be, a non-resident of the state of Minnesota. On the 15th day of August, 1874, Hale, the assignee, commenced an action in the court of common pleas in and for the county of Hennepin, against this plaintiff, for the purpose of setting aside the deed we have referred to, and having it adjudged fraudulent and void as against the assignee claiming title to the property in question in trust for the creditors of the bankrupt; and, among other things, it was alleged and charged in the complaint that the deed was never delivered to the grantee, defendant, until long after it was recorded; that it was made by Hodges in contemplation of his bankruptcy, and when he was insolvent, and was made and accepted with a view to prevent the property in question from coming to the assignee in bankruptcy, and to prevent the same from being distributed in accordance with the bankrupt act; and for the purpose, and with the intent, of hindering, delaying, and defrauding the creditors of the bankrupt of their lawful claims; and that he was at the date he was so adjudged bankrupt, and long prior thereto had been, the owner of the property, and that by virtue of the assignment it had passed to the assignee, the plaintiff in that action. Such proceedings were thereafter had in that action that on the 30th day of June, 1876, a judgment was duly rendered therein in favor of the plaintiff, as assignee, against the defendant, (plaintiff here,) wherein and whereby it was adjudged that the deed from Joseph Hodges to this plaintiff, before referred to, of the premises in question, "be, and the same is hereby, vacated and set aside, and declared to be null and void, and of no effect, and that the defendant" in that action, "and every person claiming under her subsequent to the recording of the notice of the pendency of the action, be and are forever barred from asserting any title to the premises as against the title of the plaintiff therein." A certified copy of the judgment and decree was recorded in the office of the register of deeds, on the first day of July, 1876. Upon the

facts found by the trial court in this action the appellant raises several objections to the validity of the judgment above referred to in favor of the assignee in bankruptcy, under whom the defendant, through several mesne conveyances, claims title.

1. The service of the summons was by publication, and the judgment was rendered upon proof thereof, and upon the plaintiff's application, in default of any appearance or answer of the defendant in that action. The plaintiff claims that the statutory procedure in the district court was not made applicable to the court of common pleas, and hence that the proceedings for the service of the summons, and the judgment in that court, were without authority of law. But we think otherwise. The requisite authority of the court is clearly implied from the language of the first and ninth sections of the act creating the court of common pleas of Hennepin county, (Sp. Laws 1872, c. 177,) by which it is given equal and concurrent jurisdiction with the district court in all cases arising or triable in Hennepin county; and the court, judge, and clerk are given like jurisdiction, power, and authority in all proceedings therein, and shall perform the same duties as the district court, judge, and clerk. These provisions are to be liberally construed so as to give them full effect in their practical operation, which could only be under the same statutory procedure provided for the district court in both civil and criminal cases; none being specially provided for in the common pleas. No other construction would be reasonable or tolerable. The common pleas as well as the district court would acquire jurisdiction of a defendant, under Gen. St. 1878, c. 66, § 69, when the summons provided for in that chapter had been served either personally or by publication. And, in like manner, a plaintiff would be entitled to apply for judgment in the court of common pleas under section 210, and that court would have the same power to act as the district court, and under the same statutory procedure.

2. It is also claimed that the court had no jurisdiction of an action brought by an assignee in bankruptcy to set aside a fraudulent conveyance of his land by a bankrupt. The action is not in contravention, as we understand it, of any United States statute; and we are unable to discover any valid reason why the assignee claiming

the property may not bring such action in the courts of the state within whose jurisdiction the property is situated. Such an action presents no federal question. *Mann* v. *Flower*, 25 Minn. 500; *Kidder* v. *Horrobin*, 72 N. Y. 159; *McKenna* v. *Simpson*, 129 U. S. 506, (9 Sup. Ct. Rep. 365.)

3. By section 5046, Rev. St. U. S., all property conveyed by the bankrupt in fraud of his creditors shall, by virtue of the adjudication of bankruptcy and the appointment of his assignee, be at once vested in such assignee. A judgment creditor claiming a lien upon the real property of his debtor may bring an action to remove the obstruction caused by a fraudulent conveyance before selling the property, or he may acquire title by execution sale, and then bring his action. *Jackson* v. *Holbrook*, 36 Minn. 494, 499, (32 N. W. Rep. 852;) *Wadsworth* v. *Schisselbauer*, 32 Minn. 84, (19 N. W. Rep. 390.) The object is to remove the obstruction, or uncover the property, so that it may be disposed of at the best price, and the proceeds appropriated to the satisfaction of the demands of creditors. That is substantially the nature of the action brought by the assignee against this plaintiff. *Heidritter* v. *Elizabeth Oil-Cloth Co.*, 112 U. S. 294, 300, (5 Sup. Ct. Rep. 135;) *In re Gurney*, 7 Biss. 414; *Rinchey* v. *Stryker*, 28 N. Y. 45, 31 N. Y. 140. The action was not then an action *in personam*, but must be classed with actions *in rem*. The judgment sought to be recovered therein affects the land only, and it was an action where service by publication upon the non-resident defendant was proper, and one which falls within the provisions of Gen. St. 1878, c. 66, § 64, subd. 5. *Pennoyer* v. *Neff*, 95 U. S. 714, 733. See *Bennett* v. *Fenton*, 41 Fed. Rep. 283.

4. It is further insisted by counsel that the findings of the court of common pleas in that action do not support the judgment. In considering this and several other objections to the validity of the judgment, the distinction between errors and defects which go to the jurisdiction, and render the proceeding wholly void and of no effect, and such as must be remedied in the same proceeding by appeal or otherwise, must be carefully observed. *Salter* v. *Hilgen*, 40 Wis. 363, 365, 366. It is not enough that there are irregularities in practice, or unsubstantial variances between the summons and complaint, or

that the pleading is double, or improperly unites several causes of action, or contains more allegations or grounds for relief than is essential, or that the complaint is defective or incomplete, or that the findings of the court fail to cover all the issues tendered. If the matters determined are decisive of the case, and within the general scope of the allegations made and relief asked, the determination is not void, though the defendant has not appeared. *Dillon* v. *Porter*, 36 Minn. 341, (31 N. W. Rep. 56;) *Hersey* v. *Walsh*, 38 Minn. 521, (38 N. W. Rep. 613;) *Peck* v. *New York & N. J. Ry. Co.*, 85 N. Y. 246, 251; *Gillett* v. *Truax*, 27 Minn. 528, (8 N. W. Rep. 767.) Recurring to the allegations in the complaint in the former suit, which we have referred to, and which are taken from the findings of the trial court in this case, it is clear that they are sufficient to uphold a judgment for the relief asked, viz., to set aside the deed as fraudulent and void as against the assignee, who represented the creditors of the insolvent grantor. The findings of fact in that case were not necessarily inconsistent with the complaint, though imperfect, and made, perhaps, upon a wrong theory. Among other things, the deed, purporting to bear date more than a year before its delivery to plaintiff, is found not to have been delivered till after the insolvent had been declared a bankrupt, and his property assigned, though previously recorded; that he himself placed the same upon record long after he became in fact insolvent, and when he was owing a large amount of indebtedness. This would justify the legal conclusion that the deed was fraudulent and void as to the plaintiff, Hale, (*In re Gurney*, 7 Biss. 414; *Robinson* v. *Elliott*, 22 Wall. 513;) and it is not material that the evidence and finding made a stronger case in respect to the time of the delivery than is stated in the complaint. The effect of the judgment subsequently rendered was to set aside the deed, and to declare the same null and void; and this would enable the assignee to give a clear title. We do not see that the form of the judgment is prejudicial to the plaintiff. As respects her rights, it is not material that the deed should be declared void as to creditors, instead of being declared void generally. The error could only be corrected by proceedings in the same action.

5. In the published summons in that action there was a clerical

mistake in the spelling of plaintiff's name, caused by the change of a single letter. Her name was then Beulah M. Plimpton. As printed, it read "Berlah M. Plimpton." In the judgment of the trial court, this was not deemed so material a change as to be misleading. And we think this will be sufficiently apparent when the two names are placed in juxtaposition. The plaintiff, or any one knowing her, could hardly mistake as to the person intended. *Seaver* v. *Fitzgerald*, 23 Cal. 86, 92, 93; *Stevens* v. *Stebbins,* 3 Scam. 25; *Belton* v. *Fisher*, 44 Ill. 32; *Stewart* v. *State,* 4 Blackf. 171; *Schooler* v. *Asherst,* 1 Litt. 216, 13 Am. Dec. 233, note; *Mallory* v. *Riggs,* 76 Iowa, 748, (39 N. W. Rep. 886.)

6. The proof of the publication of the summons is, we think, sufficient, though there is a clerical error here, also; the affidavit stating a publication of "seven" instead of "six" weeks between the dates of the first and last publications, which distinctly appear; but the error is clerical and it appears sufficiently clear that it was published six full weeks successively "once a week."

7. A further error or irregularity in respect to the form of the summons as published is also claimed to be fatal. The summons and complaint appear to have been issued together and placed in the hands of the sheriff of Hennepin county for service upon the defendant. On the 18th day of August, 1874, he made his return that the defendant could not be found in that county, and the summons and complaint with the return thereon were both duly filed in the office of the clerk of the court of common pleas in the county of Hennepin on the 20th day of August, 1874. The summons was in the following form:

"STATE OF MINNESOTA, COUNTY OF HENNEPIN.—COURT OF COMMON PLEAS.

"*William E. Hale, as Assignee of Joseph Hodges, a bankrupt, Plff.,*
vs. *Berlah M. Plimpton, Dft.*

"Summons.

"*The State of Minnesota to the Above Named Defendant:* You are hereby summoned and required to answer the complaint of the

plaintiff in the above entitled action, which is hereto attached and served on you, and to serve a copy of your answer to the said complaint on the subscriber, at his office in Minneapolis, in the county of Hennepin, in said state, within 20 days after the service of this summons on you, exclusive of the day of such service; and if you fail to answer the said complaint within the time aforesaid, the plaintiff in this action will apply to the court for the relief demanded therein, together with costs and disbursements of this action.

"W. E. HALE, Plaintiff's Attorney.

"*Dated August 15, A. D. 1874.*"

The affidavit for the publication of the summons was in all respects in due form as required by the statute, and all the conditions precedent to an authorized and lawful publication of the summons were complied with. It will be observed that the provisions of the statute for the publication of the summons contain no direction as to the form or contents of the summons, or the notices to be inserted therein as published. In this respect it differs from the statutes of New York and other states under which certain decisions cited by appellant were made. For instance, the New York Code provided that in cases of publication, "the complaint must first be filed and the summons as published must state the time and place of such filing." The Wisconsin statute was substantially similar to that of New York. Rev. St. 1858, c. 124, § 10; Taylor's Stat. c. 124, § 12. The California statutes in relation to the summons and service thereof are also essentially different from ours. After a careful consideration of the subject we think the importance of the omission is exaggerated by the plaintiff, and that it does not go to the jurisdiction, but must be treated as an irregularity in practice. The essential requisites of a summons as answering the purpose of process are prescribed by Gen. St. 1878, c. 66, § 53, and these are all found in the summons in question, while §§ 54 and 55 provide that the summons shall also contain certain notices and directions regulating the practice. See *McCoun* v. *N. Y. Central, etc., R. Co.,* 50 N. Y. 176. Had this summons been personally served on the defendant, the court would unquestionably have acquired jurisdiction to proceed; and if she

could save her right to object on this ground, it would have been her duty to have appeared either generally or specially and taken such proceedings as she might be advised. *Dunn* v. *Bloomingdale*, 14 How. Pr. 474; *McCoun* v. *N. Y. Central, etc., R. Co.*, 50 N. Y. 176; *Foster* v. *Wood*, 30 How. Pr. 284; *Dew* v. *Cunningham*, 28 Ala. 466. The omission to notify the defendant that the complaint is filed will not be considered such an irregularity as would affect a substantial right, or subject a judgment rendered by default to attack in another proceeding. *Foster* v. *Wood, supra.* And so if under the section providing for service by publication the residence of the defendant had been known, and a copy of the summons (which is all that the statute requires to be mailed) had been sent to her through the post-office, and had been received by her, (as would be presumed until the contrary appeared,) it would hardly be claimed that the service was a nullity. But the statutory requirements in respect to the *publication* of the *summons* are the same whether the residence is known or not. The statute fixes the time for answering the complaint, which is to be stated in the summons, but a variance in this respect is held to be an irregularity merely. Thus a summons requiring a defendant to answer in twenty days, where the law gave ninety days, was sustained because the party was presumed to know his rights under the law, and the mistake did not affect the substantial rights or remedies of the defendant. *Porter* v. *Vandercook*, 11 Wis. 70; *Morgan* v. *Woods*, 33 Ind. 23; *Gribbon* v. *Freel*, 93 N. Y. 93; *Gould* v. *Johnston*, 24 Minn. 188. That matter, as well as the nature of the notice in the summons informing the defendant of the particular judgment or relief that will be taken or applied for in default of an answer, is not modified or controlled by the section providing for publication, so that mistakes therein would not necessarily vitiate the published summons, though in some cases they might in practice be quite as misleading to the defendant as the error or omission complained of here. In *Gribbon* v. *Freel,* 93 N. Y. 93, the defect was in the published summons. It is true there was service outside the state, but the proceeding was regulated by the statute authorizing publication in respect to the form of the published summons. *Brooklyn Trust Co.* v. *Bulmer*, 49 N. Y. 84. Here the summons clearly dis-

v.43m—10

closes the court in which the suit was brought, and in which the answer to the complaint therein must be served, and the name and residence of the plaintiff's attorney; the defendant could hardly be misled in any particular. Formal defects in a summons served by publication upon a non-resident will not prevent jurisdiction attaching any more than in other cases, if such service is shown by the record to have been authorized, and to have been completed by the publication required by the statute. *Armstrong* v. *Middlestadt*, 22 Neb. 711, (36 N. W. Rep. 151;) 1 Abbott's New Practice, p. 386, § 24; *Loring* v. *Binney*, 38 Hun, 152; *Morgan* v. *Woods*, 33 Ind. 23; *McCully* v. *Heller*, 66 How. Pr. 468; *Waltz* v. *Borroway*, 25 Ind. 380; *Van Wyck* v. *Hardy*, 4 Abb. Dec. 496; *Gribbon* v. *Freel, supra.*

Order affirmed.

GILFILLAN, C. J. I dissent. I think in statutory proceedings to obtain substituted service, service by notice given through a newspaper, inserting the name "Berlah" instead of the true name "Beulah," no matter how it occurred, by mistake or otherwise, would vitiate the service. One name is not *idem sonans* with the other.