## EDWARD K. WARE *vs.* JASON C. EASTON.

### May 12, 1891.

**Actions against Unknown Claimants—Service by Publication—Parties —Statute to be Strictly Pursued.**—The provisions of Laws 1881, Ex. Sess. *c.* 81, for the service of process upon unknown claimants by publication, in actions to determine adverse claims to real property, must be strictly construed and complied with; and, if it is sought in such an action to bar unknown persons claiming under the patent title, the party in whose name that title appears of record must be named as a defendant in the proceedings.

**Same—Holder of Patent Title not Made a Party.**—Where it appeared that the land in controversy had been patented to H., and that K. and D. were holders of tax-titles, and the latter only were named in the complaint and summons, together "with all other persons or parties unknown claiming any right," etc., *held* insufficient, as against unknown persons claiming title under H.

Ejectment for land in Mower county, brought in the district court for that county and tried by *Farmer*, J., (a jury being waived,) upon whose decision a judgment was entered for plaintiff, from which the defendant appeals.

*Kingsley & Shepherd,* for appellant.

*French & Wright* and *Williams, Goodenow & Stanton,* for respondent.

VANDERBURGH, J. In the year 1883 the defendant, having a tax-title of the land in dispute, brought an action to determine adverse claims thereto, under Gen. St. 1878, *c.* 75, § 2, as amended by Laws 1881, Ex. Sess. *c.* 81, and named, as parties defendants, "Benjamin Keenan, E. Daniels, also all other persons or parties unknown, claiming any right, title, estate, lien, or interest in the real estate described in the complaint on file in the above entitled action, and their unknown heirs;" and caused the summons therein, as so entitled, to be published as in ordinary cases of non-resident defendants, together with a notice of *lis pendens*, containing the proper description of the land, which notice had been duly recorded.

Neither Keenan nor Daniels, the only defendants who were specifically designated by name, claimed under the patent title, or are shown by the records to have had any interest in the land, except by virtue of tax-sales. The land was entered at the United States land-office in the year 1856, by Benjamin Homan, who received a patent therefor October 31, 1857. After the entry, and prior to the patent, the land was certified for taxation as having been entered by Benjamin Human, and the certificate was duly filed in the office of the register of deeds of the proper county. The dates and description in the certificate sufficiently identify the purchaser of this land with the patentee, so that, the variance or mistake in the spelling is not material. The patent was not recorded until after defendant recovered judgment in the action referred to, which was in 1883. In 1863 the patentee Homan conveyed the premises to one Woods, and in 1879 the title acquired by him passed, through mesne conveyances, to one Bragg, who held the original title when this action was brought, and the plaintiff derives title from him. But the patent and all the conveyances of the patent title were not recorded until 1885.

It is claimed that the summons was defective in not naming Homan, the patentee of the land, as one of the defendants; and we think this objection well taken. In so far as the records disclosed, he was the owner of the government title. The defendant was bound to take notice that Homan was the patentee of the land, as well from the government records as those of the county. The important provisions of this statute, as a means of notice to the unknown claimants, are the designation of the names of interested parties who are known and those who appear such by the records, together with the publication of the notice of *lis pendens* containing a description of the land, and the record of the same. If the land appears to have been entered by Homan, and his grantees, if any, are unknown and not disclosed by the records, the most effectual notice to those claiming under him would be to name him, in connection with the general designation of such unknown claimants. The statute must be strictly construed and followed, and it is enough that it requires such parties to be specially named. If any one appearing by the record to be the

owner of the patent title under the original owner is designated, of course it would not be necessary to name any preceding owner under whom he claimed; but he who appears to be the owner of record must be named, unless the actual holder of the title can be discovered and named; that is to say, if it be desired to bind unknown parties claiming some right or interest derived from or under the original patentee of the United States. The same rule would apply, *mutatis mutandis,* to parties claiming a separate title under the state through tax-sales. The statute was not complied with in the case under consideration here. The notice was insufficient to bind Bragg, the owner of the patent title at that time, and the judgment is void as to him and those claiming under him.

Judgment affirmed.