INERT JENSON v. NELS ANDERSON and Others.[1]

October 24, 1913.

Nos. 18,212—(56).

**Adverse claims — jurisdiction of court.**

1. In an action under section 5817, G. S. 1894, to determine adverse claims to real property, in which the heirs of a record owner of the land were made defendants under the designation of "unknown persons" claiming an interest in the land, it is

*Held*, that the failure to publish the notice of lis pendens as required by

[1] Reported in 143 N. W. 361.

section 5818, G. S. 1894, was, as to the unknown defendants, fatal to the jurisdiction of the court, and as to their rights in the property, that the judgment rendered in the action was void.

**Same — defect not cured.**

2. The failure to publish the notice of lis pendens was not cured by the publication in connection with the summons of a notice of no personal claim, which notice did not by itself contain all the information required by statute to be set forth in the notice of lis pendens.

Action in the district court for St. Louis county to recover possession of certain real estate and the value of its use and occupation. The case was tried before Dibell, J., who directed a verdict in favor of plaintiff and a jury which found the value of the land without the improvements to be $9,000. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*W. G. Bonham,* for appellants.

*Washburn, Bailey & Mitchell,* for respondent.

BROWN, C. J.

One Moore was the owner in fee of the land in controversy in this action, and plaintiff through his heirs has succeeded to his title. Defendant Anderson claims title under a judgment entered in an action under section 5817, G. S. 1894, to determine adverse claims, which action was founded upon an alleged tax title to the property. If the court had jurisdiction of that action and authority to render the judgment, Anderson's title is superior to that claimed by plaintiff. If the court was without jurisdiction, the judgment is of no force and Anderson's asserted title fails.

It appears from the record that the Northern Security Co., a corporation, was the holder of the alleged tax title, and it brought the action just mentioned to determine the title to the land. Prior to the commencement of the action, Moore died, and his heirs were made parties to the action under the designation "unknown parties." The summons was served by publication. Before the service thereof a notice of lis pendens, in proper form, was filed in the office of register of deeds. A notice of "no personal claim" was attached to the summons, and published in connection therewith, but the notice of lis

pendens was not published. The question presented, and the only question requiring mention, is whether the failure to publish the notice of lis pendens with the summons, as required by section 5818, G. S. 1894, the statute in force when that action was brought, was fatal to the jurisdiction of the court as to the heirs of Moore, the unknown defendants, and through whom plaintiff acquired title. We answer the question in the affirmative.

The statute referred to prescribes a method for acquiring jurisdiction over unknown persons in actions involving the title to real property. It provides that unknown persons having or claiming to have any interest in the property may be made parties to the action, and be bound by the judgment therein to the same extent as if known and personally served with the summons;

"Provided, however, that such judgment shall not bind such unknown persons or parties defendants, unless the plaintiff shall file a notice of lis pendens in the office of the register of deeds, as provided by law, before commencing the publication of the said summons, and a copy of said notice of lis pendens be printed and published with said summons, and following next thereafter in the columns of the newspaper wherein said summons is printed and published."

In harmony with the general rule that statutes in derogation of the common law, and by virtue of which property rights may be divested on substituted service of process, must be strictly construed and strictly followed, we have held that a failure strictly to comply with the statute in question deprives the court of jurisdiction over the unknown persons so served. Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773, 24 Am. St. 212; Ware v. Easton, 46 Minn. 180, 48 N. W. 775. The rule is applied by all the courts in cases involving this method of acquiring jurisdiction. Alderson, Judicial Writs, 315. The rule is not questioned in the case at bar, nor is it claimed that the notice of lis pendens was published with the summons as required by the statute. The contention is that the notice of no personal claim, which was published, answered every purpose of the statute, and conveyed to all persons all the information that could be contained in the notice of lis pendens, therefore that the failure to publish the no-

tice of lis pendens was not fatal to the jurisdiction of the court to proceed in the action. In this we are unable to concur.

The statutes require the notice of lis pendens to contain certain specific information, and though no particular form is prescribed, a document separate and independent of the summons or other paper in the action is clearly contemplated and intended by the law. And while any form of notice containing the necessary information would answer the requirements, it must be complete in itself, and not left to be aided by some other document. The notice of no personal claim in actions of this kind is provided for by this statute, but it relates solely to the costs of the action and informs the defendant that no personal claim will be made against him. And while such a notice, complete in itself, might serve the purpose of communicating the information necessary to be set forth in the notice of lis pendens, and answer the requirements of the statute in a particular case, a question we do not decide, the notice of no personal claim in this case does not, taken alone and by itself, set forth all the necessary facts. If it had been filed in the office of the register of deeds instead of the formal notice of lis pendens there would, for its omission of necessary facts, have been a failure to comply with the statutes. And. though in its publication the omitted facts, namely, the names of the parties and notice that the action had been commenced, are disclosed by the summons, it was not the notice contemplated by the statute, and was not a compliance therewith. At common law the commencement of an action involving rights in real property operated as a lis pendens, and persons dealing with the property pending the suit, even though they had no notice of the same, were bound by the judgment rendered therein. Jorgenson v. Minneapolis & St. L. Ry. Co. 25 Minn. 206. The rule was abrogated by our statutes providing for the filing of a formal notice of the pendency of the action. But under the statute as originally enacted the notice was only intended for the benefit of those dealing with the property after the commencement of the action. In fact, generally speaking, this is the only purpose of the notice of lis pendens.

But in this state the scope and purpose of the notice was enlarged by chapter 81, p. 80, Laws 1881, Ex. Sess. as to "unknown" defend-

ants, by requiring that it be published with the summons. The effect of this change in the statute was to require an additional notice to the unknown defendants. Under the amended statute both the summons and the notice must be published, thus extending the scope of the notice as required under the prior statute. So that a defect in its publication would be just as fatal as a defect in the summons, and since both must be published it cannot well be held that the publication of one, though it contain the information necessary to be stated in the other, answers the command of the statute. The law contemplates two separate documents, complete in themselves, and one cannot be made to answer the purpose of both. The summons cannot therefore be referred to for the purpose of supplying the omissions found in the notice of no personal claim, conceding that that document might answer the purposes intended by a publication of the notice of lis pendens.

None of the cases cited by counsel for defendant are in conflict with the views here expressed, and do not sustain the contention of defendant that the defect here in question was an informality. In Lane v. Innes, 43 Minn. 137, 45 N. W. 4, the defect complained of was a misspelling of the name of defendant in the published summons, which the court held not fatal. There the summons was published with this error in the name. In this case the notice of lis pendens was not published at all. In the other cases cited personal service of the summons was made, and the defects in the original summons were held unimportant. They are not here in point.

Order affirmed.